PEOPLE v BROWN

Docket No. 145748. Submitted August 11, 1992, at Detroit. Decided September 21, 1992, at 9:40 A.M.

Reginald J. Brown was convicted by a jury in the Detroit Recorder's Court, George W. Crockett, III, J., of second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. He appealed, raising as error the admission of evidence of prior bad acts and the refusal to instruct the jury with respect to manslaughter. The Court of Appeals, McDONALD, P.J., and MICHAEL J. KELLY and MURPHY, JJ., in an unpublished opinion per curiam, decided December 6, 1989 (Docket No. 111093), affirmed. The defendant moved in the Recorder's Court for relief from the judgment of conviction, MCR 6.500 et seq., claiming that the court had erred in instructing the jury that conviction of assault with intent to commit murder required proof of an intent to kill or cause great bodily harm. The Recorder's Court granted the motion and ordered retrial on all three counts. The prosecution initially sought leave to appeal and later successfully moved for consideration of the application as a complaint for superintending control. The Supreme Court, in denying leave to appeal, determined that it was improper for the Court of Appeals to exercise superintending control and ordered the Court of Appeals to consider the matter as on leave granted. 439 Mich 1003 (1992).

The Court of Appeals held:

1. MCR 6.508(D)(3) provides that a court may not grant a motion for relief from a judgment of conviction if the motion alleges grounds for relief, other than jurisdictional defects, that could have been raised on appeal of the conviction unless the defendant demonstrates good cause for failure to raise such grounds and actual prejudice from the alleged irregularities. Actual prejudice means that the defendant, but for the alleged error, would have had a reasonably likely chance of acquittal.

2. The Recorder's Court erred in granting the defendant's motion because the instructional error could have been raised in his appeal of the conviction. Furthermore, no actual prejudice could have resulted because acquittal was not likely in the

absence of the error, in light of the jury's rejection of the defendant's alibi defense.

Order granting new trial vacated and case remanded for reinstatement of convictions and sentences.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Olga Agnello,* Assistant Prosecuting Attorney, for the people.

*Paul Daniel Curtis* and *Craig A. Daly,* for the defendant.

Before: NEFF, P.J., and GRIBBS and SHEPHERD, JJ.

NEFF, P.J. This case involves a prosecutor's appeal from the Detroit Recorder's Court's grant of defendant's postappeal motion for relief from judgment brought under MCR 6.500 *et seq.* In granting the motion, the court ruled that defendant was entitled to a new trial. Pursuant to a May 27, 1992, order of the Michigan Supreme Court, this matter is considered as on leave granted. 439 Mich 1003 (1992).

I

On September 20, 1987, Steven Rousell was shot to death in a residence in Detroit. Patrick McCloud, who was also in that residence, attempted to flee but was shot five times in the back by the same gunman. He survived and named defendant, whom he knew previously, as the shooter.

Defendant was tried on charges of second-degree murder, MCL 750.317; MSA 28.549, for Rousell's death; assault with intent to commit murder, MCL 750.83; MSA 28.278, for the shooting of McCloud;

and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The prosecutor's theory was that defendant shot Rousell because he had testified against defendant in a previous felonious assault case, and he shot McCloud because McCloud saw defendant kill Rousell. The defense was alibi, as provided by defendant's fiancee, who testified that he was at home with her all day on the day of the shootings. Defendant was convicted of all three offenses.

II

Defendant appealed, raising only two issues: admission of prior bad act testimony and refusal to instruct on the lesser offense of manslaughter. This Court affirmed defendant's convictions in an unpublished opinion per curiam decided December 6, 1989 (Docket No. 111093). Defendant did not seek to appeal that decision to our Supreme Court.

On March 28, 1991, defendant filed a motion for relief from judgment pursuant to MCR 6.500 et seq. In that motion, he raised eleven issues. One of those issues involved a claim that the trial court had erroneously instructed the jury that it could convict defendant of assault with intent to commit murder if it found he had the intent to commit great bodily harm. In both preliminary and final instructions, the trial court told the jury that in order to convict defendant of assault with intent to commit murder, "the Prosecution must prove that the Defendant intended to kill or to cause great bodily harm."

At the hearing on the motion, defense counsel argued that the instruction was erroneous. However, when the prosecutor responded to defense counsel's argument, things became confused. The prosecutor said:

> There were some claims of error, one of those particular claims having to do with intent, an acknowledged improper charge to the jury. . . .

The court then asked, "Which one is that, that you are talking about? Oh. The intent to do great bodily harm in murder two?" The prosecutor responded, "Yes, your Honor." Defendant's claim of error concerned the instructions on the intent element of assault with intent to commit murder. He had made no claim of error regarding the instructions on second-degree murder, and, indeed, our review of the record reveals that there were no errors in the instructions on that offense. Nonetheless, the court, without addressing any of the other ten issues raised by defendant, resolved the matter as follows:

> I think they proved that he committed the murder, for that matter. But I also think that telling the jury what is the law when it is not the law is not fair and it is not right. Both sides admit that. It was not purposeful. It was not intentional. It wasn't malicious on my part. Murder in the second degree is the intentional killing of a human being, whether the Defendant intends to kill, or he intends to do great bodily harm, or where he creates a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result. So, in some respects, to tell the jury that he had an intent to do great bodily harm and somebody died as a result of his action was murder in the second degree, that instruction was wrong. Seriously wrong.
>
> I don't know that I need to address any of the other arguments that you've made, Counsel. I think the seriousness of that one is sufficient. Even though I think Mr. Brown did it. Motion for a new trial is granted.

When the prosecutor asked the court if it was

granting a new trial on all three counts, the court responded that it did not see how it could be avoided and ruled that defendant was to have a new trial on all three counts.

III

The prosecutor made application to this Court for leave to appeal the order for a new trial. In his answer, defendant asserted that this Court lacked jurisdiction of the appeal because the underlying offenses were committed on September 20, 1987, but the amended statute, MCL 770.12; MSA 28.1109, authorizing appeals by prosecutors, does not apply to crimes that occurred before March 30, 1988.[1] The prosecutor conceded that defendant was correct and moved to have the application for leave to appeal considered as a complaint for superintending control. The motion was granted.

Upon defendant's appeal of the order granting the motion, the Michigan Supreme Court ruled that it was improper for this Court to exercise superintending control under the circumstances of this case, but that application for leave to appeal was available to plaintiff pursuant to MCL 600.308(2)(d); MSA 27A.308(2)(d) and MCR 6.509(A). The Supreme Court instructed this Court to proceed as on leave granted, and we now do so.

IV

The question is whether the circuit court properly granted defendant's motion for relief from judgment and awarded him a new trial. Generally, the grant of a new trial is reviewed for an abuse of

---

[1] The historical note in MCLA and MSA states that 1988 PA 66, § 2, which amended the statute provides: "This amendatory act shall take effect March 30, 1988, and apply to crimes committed on or after that date."

discretion. *People v Bradshaw,* 165 Mich App 562, 566-567; 419 NW2d 33 (1988). However, MCR 6.508(D)(3) imposes limits on the trial court's grant of a postappeal motion for relief from judgment. That rule provides in pertinent part as follows:

> The defendant has the burden of establishing entitlement to the relief requested. The court *may not* grant relief to the defendant if the motion
>
> \*   \*   \*
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal. [Emphasis added.]

Subpart E of the rule provides:

> The court, either orally or in writing, shall set forth in the record its findings of fact and its conclusions of law, and enter an appropriate order disposing of the motion.

In this case, defendant alleged errors that could have been raised in his previous appeal. However, the trial court granted relief without determining whether defendant made the requisite showing of good cause and actual prejudice. In light of the requirement set forth in subpart E of the rule, we ordinarily would remand for such findings. How-

ever, we believe that it is unnecessary to do so here because we are convinced that under the facts of this case, defendant cannot demonstrate actual prejudice as that term is defined in the rule.

It is clear that the instruction complained of was erroneous. It is necessary to find an actual intent to kill for conviction of assault with intent to murder. *People v Guy Taylor,* 422 Mich 554, 567; 375 NW2d 1 (1985). However, we are convinced that defendant did not have a "reasonably likely chance of acquittal" of the assault charge but for the instructional error. The defense was alibi, and the jury clearly rejected that defense. Thus, the jury concluded that defendant was the shooter. McCloud was shot five times in the back as he tried to flee. There was no assertion or evidence at trial that defendant had an intent to do anything other than kill McCloud. Given the nature of defendant's assaultive acts and the nature of the instrument used to assault McCloud, we believe that a reasonable jury could not have inferred any intent less than the intent to kill.

Furthermore, assuming that the trial court meant to address the claimed instructional error on the charge of assault with intent to commit murder, it was clear legal error for the trial court to order a new trial on all the charges where the claimed error affected only the charge of assault with intent to commit murder. *People v Burnett,* 166 Mich App 741, 757; 421 NW2d 278 (1988).

V

We vacate the circuit court's order granting defendant relief from judgment and a new trial and instruct the court to reinstate defendant's convictions and sentences for all three offenses. We do not retain jurisdiction.