GRIFFIN, Circuit Judge,
dissenting.
“[T]he pedestal of the entire procedural-default doctrine ... is respect for state procedural rules.” Franklin v. Hightower, 215 F.3d 1196, 1200 (11th Cir.2000). As the Supreme Court has repeatedly emphasized,
Federal habeas corpus principles must inform and shape the historic and still vital relation of mutual respect and common purpose existing between the States and the federal courts. In keeping this delicate balance we have been careful to limit the scope of federal intrusion into state criminal adjudications and to safeguard the States’ interest in the integrity of their criminal and collateral proceedings. See, e.g., Coleman v. Thompson, 501 U.S. 722, 726 [111 S.Ct. 2546, 115 L.Ed.2d 640] (1991) (“This is a case about federalism. It concerns the respect that federal courts owe the States and the States’ procedural rules when reviewing the claims of state prisoners in federal habeas corpus”); McCleskey v. Zant, 499 U.S. 467, 493 [111 S.Ct. 1454, 113 L.Ed.2d 517] (1991) (“[T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on a ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State’s interest in the finality of its criminal judgments.”).
Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).
Today’s en banc decision erodes the fundamental tenets of federalism by voiding, for purposes of federal habeas corpus review, Michigan’s adequate and independent rules of post-conviction procedure. In my view, our prior panel opinion, Guil *299 mette v. Howes, 591 F.3d 505 (6th Cir. 2010) (“Guilmette I”), rehearing en banc granted, opinion vacated March 12, 2010, was correctly decided and, thus, rehearing en banc was improvidently granted. Accordingly, I would reinstate our prior panel decision and reverse the district court. I therefore respectfully dissent.
In Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court addressed the following issue: “In what instances will an adequate and independent state ground bar consideration of otherwise cognizable federal issues on federal habeas review?” 433 U.S. at 78-79, 97 S.Ct. 2497. Examining a Florida state contemporaneous-objection rule in this context, the Supreme Court noted that “[t]he area of controversy which has developed has concerned the reviewability of federal claims which the state court has declined to pass on because not presented in the manner prescribed by its procedural rules.” Id. at 81-82, 97 S.Ct. 2497 (emphasis added). In limiting federal habeas review to an analysis of “cause” and “prejudice,” the Court held that Florida’s rule constituted “an independent and adequate state procedural ground,” and thus involved “contentions of federal law which were not resolved on the merits in the state proceeding due to respondent’s failure to raise them there as required by state procedure.” Id. at 87, 97 S.Ct. 2497.
Similarly, Michigan’s post-conviction rules, specifically M.C.R. 6.508(D), are “independent and adequate state procedural grounds” that warrant enforcement by our court. See Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir.2005) (“It is well-established in this circuit that the procedural bar set forth in Rule 6.508(D) constitutes an adequate and independent ground on which the Michigan Supreme Court may rely in foreclosing review of federal claims.”).
In Guilmette I, Judge Rogers, writing for the panel majority, held that Guilmette’s claim of ineffective assistance of counsel “[was] procedurally defaulted because, although the state trial court on collateral review addressed the merits of Guilmette’s claim, both the state appellate and supreme courts denied the claim pursuant to Mich. Ct. R. 6.508(D).” Guilmette I, 591 F.3d at 508. In so holding, Judge Rogers cited our unanimous authority on this issue:
Guilmette did not raise his ineffective assistance of counsel claim on direct appeal, as required by Mich. Ct. R. 6.508(D)(3). Our decision in Munson v. Kapture, 384 F.3d 310 (6th Cir.2004) requires the conclusion that the Michigan courts enforced Rule 6.508(D)(3) in this case and thus that Guilmette’s claim is procedurally defaulted. In Munson, as in the present case, the petitioner did not raise certain claims on direct appeal. 384 F.3d at 312-13. In both cases, the petitioner then raised the claims in a state trial court on collateral review, and the state trial court denied the claims on the merits. Id. at 313. Then in both cases, the state appellate and state supreme courts each denied leave to appeal in brief orders, stating that the petitioner had “failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).” Id. In Munson, we held that Rule 6.508(D) constituted an adequate and independent state ground and thus held the claims to be procedurally barred. No relevant fact distinguishes Munson from the present case, and thus Guilmette’s claim is similarly procedurally defaulted.
This conclusion is supported by five of this court’s other cases, ... all of which hold that habeas claims were procedurally defaulted in situations materially in *300 distinguishable from the present case. See Alexander v. Smith, 311 Fed.Appx. 875 (6th Cir.2009) ...; Spencer v. Booker, 254 Fed.Appx. 520 (6th Cir.2007) ...; McCray v. Metrish, 232 Fed.Appx. 469 (6th Cir.2007) ...; Burroughs v. Makowski, 282 F.3d 410 (6th Cir.2002) ...; Luberda v. Trippett, 211 F.3d 1004 (6th Cir.2000).... In each, the state trial court on collateral review denied the petitioner’s claims on the merits, and then both the state appellate and state supreme courts denied the claims pursuant to Mich. Ct. R. 6.508(D). We held that the petitioner’s claims were procedurally defaulted in each case. The binding nature of these precedents ... is inescapable.
Id. at 509-10 (citations and footnotes omitted, emphasis added).[1]
A cornerstone of these cases is our proper categorization of the state court orders at issue as “explained” orders — not “unexplained” orders that require further explication and, hence, scrutiny by this court to determine whether the state court’s decision rested primarily upon federal law. In Coleman, the Supreme Court, when confronted with an ambiguous state court habeas order, refined the independent and adequate state ground doctrine and held:
In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state law ground, a federal court may address the petition.
Coleman, 501 U.S. at 735, 111 S.Ct. 2546.
In Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), a companion case to Coleman, the Supreme Court further clarified the doctrine’s application in cases involving “unexplained” state court orders and created the following presumption:
Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion “fairly appearfs] to rest primarily upon federal law,” Coleman, 501 U.S. at 740 [, 111 S.Ct. 2546], we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place. Similarly where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.
The maxim is that silence implies consent, not the opposite — and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the *301 reasons given below.... We think that a presumption which gives them no effect — which simply “looks through” them to the last reasoned decision— most nearly reflects the role they are ordinarily intended to play.
Ylst, 501 U.S. at 803-04, 111 S.Ct. 2590.
The Court in Ylst defined the term “unexplained” order as “an order whose text or accompanying opinion does not disclose the reason for the judgment.” Id. at 802, 111 S.Ct. 2590. Otherwise stated, “[t]he essence of unexplained orders is that they say nothing.” Id. at 804, 111 S.Ct. 2590.
In the present case, the state appellate court orders are neither ambiguous nor “unexplained.” In Munson, we held that
[f]or purposes of procedural default, the “state judgment” with which we are concerned is “the last explained, state court judgment.” Ylst v. Nunnemaker, 501 U.S. 797, 805 [111 S.Ct. 2590, 115 L.Ed.2d 706] (1991). Munson argues that the last explained state court judgment is the trial court’s opinion denying his post-conviction motion for relief. In that opinion, the court relied on procedural default in rejecting only one of his claims; it denied the other claims on their merits. Contrary to Munson’s assertion, however, the last explained state court judgment in this case is the Michigan Supreme Court’s order denying review of Munson’s claims based upon his failure to comply with Rule 6.508(D). We have held that orders such as that issued by the Michigan Supreme Court constitute “explained” state court judgments for purposes of procedural default. See, e.g., Simpson v. Jones, 238 F.3d 399, 407-08 (6th Cir.2000) (holding that an order issued by the Michigan Supreme Court stating that the petitioner had “failed to ‘meet the burden of establishing entitlement to relief under MCR 6.508(D)’” — though “brief’ — constituted the last explained state court judgment in the case).
Munson, 384 F.3d at 314 (footnote omitted, second emphasis added). Likewise, in Hargrave-Thomas v. Yukins, 374 F.3d 383 (6th Cir.2004), we observed that
[o]ur precedents establish that the state supreme court’s one-sentence order — an order saying simply that Ms. HargraveThomas “failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)” — “was based on an independent and adequate state procedural rule.” Simpson v. Jones, 238 F.3d 399, 407 (6th Cir.2000); cf. Burroughs v. Makowski 282 F.3d 410, 413-14 (6th Cir. 2002). Despite its brevity, the order constituted a “reasoned” judgment that adequately explained its procedural basis. Because the Michigan Supreme Court “expressly stated” that HargraveThomas’ claim was “barred by MCR 6.508(D),” see Simpson, 238 F.3d at 408, the federal courts may not review that claim absent “cause and prejudice” or a “fundamental miscarriage of justice.” See Harris v. Reed, 489 U.S. 255, 262-63, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).
Hargrave-Thomas, 374 F.3d at 387-88; see also Burroughs, 282 F.3d at 414 (“[T]he Michigan Court of Appeals and Michigan Supreme Court’s statements that Burroughs was not entitled to relief under M.C.R. 6.508(D) presents a sufficient explanation that their rulings were based on procedural default.”); Alexander, 311 Fed. Appx. at 884 (“The Michigan Supreme Court’s order denying Alexander relief from the judgment [“under MCR 6.508(D)”] constitutes an explained order invoking an independent and adequate procedural bar to relief.”); Friedman v. Smith, 83 Fed.Appx. 718, 724 n. 8 (6th Cir.2003) (unpublished) (“The Michigan *302 Supreme Court’s order disclosed the reason for its judgment — Mich. Ct. R. 6.508(D). The judgment, therefore, was not unreasoned or unexplained. Consequently, we need not look to prior state court judgments on [the petitioner’s] Brady claim.”). Cf, Correll v. Stewart, 137 F.3d 1404, 1417 (9th Cir.1998) (citing Ylst and holding that “[b]y invoking state-law procedural grounds [analogous to MCR 6.508(D) ] for its dismissal of [the petitioner’s post-conviction] claims, the state trial court barred later federal review of these claims on the merits.”).
In the present case, the orders of the Michigan Supreme Court and the Michigan Court of Appeals — which denied Guilmette’s petitions because he failed to sustain his “burden of establishing entitlement to relief under MCR 6.508(D)”— are, as Judge Rogers notes in Guilmette I, “materially indistinguishable” from the “explained” orders at the core of our substantial body of case law that requires, under these circumstances, that we honor the state court judgments explicitly denying Guilmette’s claim on independent and adequate state procedural grounds. We should not manufacture ambiguity where there is none, and we need not ignore or “look through” these unequivocal state court orders, which by their express language preclude collateral review. In my view, Guilmette I and its abundant persuasive precedent were correctly decided and therefore should not be overruled.
Like most jurisdictions, Michigan requires that all claims be brought on direct appeal. See People v. Caston, 228 Mich. App. 291, 579 N.W.2d 368, 371 (1998) (“[B]eeause defendant failed to pursue an appeal as of right when he had the opportunity to do so, and because the time limitations for filing an application for leave to appeal have expired, defendant’s convictions are reviewable only in accordance with subchapter 6.500 of the Michigan Court Rules, dealing with postappeal relief. MCR 6.501.”); see also subchapter 7.200 of the Michigan Court Rules (delineating Michigan’s appellate practice and procedure).
Subchapter 6.500 of the Michigan Court Rules establishes procedural rules for post-conviction appeals. These rules were promulgated by the Michigan Supreme Court on March 30, 1989, effective October 1, 1989, as part of Michigan’s comprehensive revision of its rules of criminal procedure:
Before October 1, 1989, the procedure for collateral review of criminal convictions in Michigan did not make any provisions for finality of judgments. As a consequence, defendants could, and did, repeatedly seek relief without limitation. To create a uniform system of procedure, Michigan Court Rules 6.501 et seq. were enacted. The rules present a carefully balanced scheme that liberally permits the assertion of claims on direct appeal, whether timely or not, while at the same time introducing a concept of finality to discourage repeated trips up and down the appellate ladder.
People v. Reed, 449 Mich. 375, 535 N.W.2d 496, 503 (1995); see also People v. Jackson, 465 Mich. 390, 633 N.W.2d 825, 829 (2001). The rules “[were] designed to encourage raising legal issues on initial appeal rather than in postconviction review,” recognizing that “[n]either the guarantee of a fair trial nor a direct appeal entitles a defendant to as many attacks on a final conviction as ingenuity may devise.” Reed, 535 N.W.2d at 503-04 (footnote omitted).
As rules of procedure, not substantive law, the provisions of subchapter 6.500 were given retroactive effect by the Michigan Supreme Court. Jackson, 633 N.W.2d at 831-33. In so holding, the Michigan *303 Supreme Court stated that the rules of subchapter 6.500 are “modes of procedure” only, and that “[w]e can discern no theory upon which the defendant can be said to have a vested right in the procedures — or lack thereof — for bringing long-delayed challenges to criminal convictions extant before the adoption of MCR subchapter 6.500.” Id. at 832-33.
In fact, although the Michigan Supreme Court is constitutionally empowered to promulgate rules of practice and procedure pursuant to Article 6, § 5 of the Michigan Constitution,[2] it “ ‘is not authorized to enact court rules that establish, abrogate, or modify the substantive law.’ ” People v. Glass, 464 Mich. 266, 627 N.W.2d 261, 269 (2001) (quoting McDougall v. Schanz, 461 Mich. 15, 597 N.W.2d 148, 154 (1999)). “Rather, as is evident from the plain language of art. 6, § 5, [the Michigan Supreme Court’s] constitutional rule-making authority extends only to matters of practice and procedure.” McDougall, 597 N.W.2d at 154.
M.C.R. 6.508(D), at issue in the present case, provides, in full:
(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
(1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to sub-chapter 7.200 or subchapter 7.300;
(2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this sub-chapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
(3)alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
(a) good cause for failure to raise such grounds on appeal or in the prior motion, and
(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, “actual prejudice” means that,
(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;
(iv) in the case of a challenge to the sentence, the sentence is invalid.
The court may waive the “good cause” requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.
As the Michigan Court of Appeals explained in People v. McSwain, 259 Mich. App. 654, 676 N.W.2d 236 (2003),
It is well settled that [s]ubchapter 6.500 of the Michigan Court Rules establishes *304 procedures for pursuing postappeal relief from a criminal conviction. The sub-chapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process. Relief, however, may not be granted unless the defendant demonstrates (a) good cause for failure to have raised the grounds for relief on appeal or in a prior motion under the subchapter and (b) actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3)(a) and (b).
* * *
MCR 6.508 is phrased in the negative and sets out three bars to relief from judgment. The first bar, under MCR 6.508(D)(1), is that a court may not grant relief from judgment if the criminal defendant’s motion seeks relief from judgment of conviction and sentence that still is subject [] to challenge on appeal under MCR 7.200 or MCR 7.300. This bar is not applicable here; McSwain’s judgment of conviction and sentence is not now subject to challenge on appeal pursuant to MGR 7.200 or 7.300.
The second bar, under MCR 6.508(D)(2), is that a court may not grant relief from judgment if the criminal defendant’s motion alleges grounds for relief that were decided against the defendant in a prior appeal or proceeding under MCR 6.500, “unless the defendant establishes that a retroactive change in the law has undermined the prior decision.” This bar is also not applicable here; McSwain’s motion did not allege grounds that were decided against her in a prior appeal or proceeding under MCR 6.500.
The third bar, under MCR 6.508(D)(3), is that a court may not grant relief from judgment if the criminal defendant’s motion “alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under” MCR 6.500. This bar clearly applies here as McSwain could have, but-did not, raise the issue of her alleged mental incapacity in her prior appeal from her conviction and sentence. However, a criminal defendant can avoid the application of this bar if that defendant demonstrates:
(a) good cause for failure to raise such grounds on appeal or in the prior motion; and
(b) actual prejudice from the alleged irregularities that support the claim for relief.
The court rule also provides that the criminal defendant has the burden of establishing entitlement to the relief requested and that the court may waive the “good cause” requirement of MCR 6.508(D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.
McSwain, 676 N.W.2d at 248-50 (emphasis added).
The Michigan Court of Appeals’ explanation that the petitioner bears the burden to “demonstrate ... ‘good cause’ ... and ‘actual prejudice,’ ” id. at 249, is consistent with the introductory sentence of M.C.R. 6.508(D), which provides: “The defendant has the burden of establishing entitlement to the relief requested.” Thus, unless the petitioner sustains his burdens of production and persuasion, he may not be granted relief because he has not demonstrated actual prejudice and good cause.
In the present case, our en banc court has been influenced by Judge Martin’s panel dissent, in which he opined, in part, as follows:
*305 Although M.C.R. 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment, these procedural grounds are not the exclusive grounds for which a court may deny relief pursuant to M.C.R. 6.508(D). A court may deny relief from judgment under 6.508(D)(4) for the substantive, i.e. non-procedural, reason that the defendant simply failed to meet his burden of “establishing entitlement to the relief requested.” As such, the Michigan courts’ bare citation to M.C.R. 6.508(D) in orders denying Guilmette leave to appeal does not demonstrate that the courts denied him leave to appeal on the basis of a procedural default, much less on the procedural ground described in M.C.R. 6.508(D)(3), which the warden urges on this Court.
Guilmette I, 591 F.3d at 513 (Martin, J., dissenting).
Regarding the three subsections that are part and parcel of the rule, Judge Martin correctly recognizes that “MCR 6.508(D)(1), (2), and (3) list specific procedural grounds for denying a defendant relief from judgment....” Id. (emphasis added). However, contrary to the dissent’s assertion, there is no subsection (D)(4). Judge Martin is presumably referring to M.C.R. 6.508(D)’s introductory sentence.
In any event, we have already rejected the precise argument advanced by Judge Martin. In Friedman, we stated:
We must next determine whether the Michigan Supreme Court utilized Mich. Ct. R. 6.508(D)(3) to bar Friedman’s claim. The court only referenced 6.508(D) generally as the basis for denying Friedman leave to appeal the judgment of the Michigan Court of Appeals. Friedman noted that 6.508(D) states that “[t]he defendant has the burden of establishing entitlement to the relief requested.” Friedman admits that 6.508(D) goes on to list only procedural grounds for denying a defendant relief from judgment, which include 6.508(D)(3). However, Friedman claims that these procedural grounds are not the exclusive grounds for which a court may deny relief under 6.508(D). According to Friedman, a court may deny relief from judgment under 6.508(D) for the non-procedural reason that defendant simply failed to meet his burden of establishing entitlement to the relief requested. Friedman argues that the Michigan Supreme Court’s citation to 6.508(D) in its order denying Friedman leave to appeal does not demonstrate that the court denied him leave to appeal on the basis of a procedural default, much less on the procedural grounds included in 6.508(D).
We do not find Friedman’s argument persuasive. This court has held on numerous occasions that 6.508(D) constitutes a procedural rule that, when invoked by a Michigan court to deny a claim, signifies that the claim is procedurally defaulted. See Burroughs, 282 F.3d at 413-14; Simpson, 238 F.3d at 405-08; Moran v. Trippett, No. 96-2174 [149 F.3d 1184,-], 1998 WL 382698, at *2 (6th Cir. June 8, 1998).... Therefore, adhering to this precedent, we find that the Michigan Supreme Court’s order denying Friedman leave to appeal enforced a state procedural rule to bar Friedman’s Brady claim.
Friedman claims that, even if 6.508(D) constitutes a procedural rule, citing only 6.508(D) does not sufficiently demonstrate that the state procedural rule applicable to Friedman’s Brady claim— 6.508(D)(3) — was actually invoked by the Michigan Supreme Court. Burroughs directly refutes Friedman’s claim. In Burroughs, this court found that the *306 Michigan Supreme Court’s citation to 6.508(D) was sufficiently specific to invoke the more precise procedural bar of 6.508(D)(3). 282 F.3d at 413; see also Moran, 1998 WL 382698, at *2 (finding that petitioner’s habeas claim was procedurally barred by 6.508(D) where the Michigan Supreme Court cited only 6.508(D) in denying petitioner’s leave to appeal a state court decision regarding the federal claim at issue). Friedman attempts to distinguish Burroughs on the basis that, in that case, the court noted it was undisputed that the petitioner failed to properly present his arguments for state appellate review, whereas in the case subjudice Friedman contends that he was not required to present his Brady claim on direct appeal. Friedman’s attempt to distinguish Burroughs is unavailing. Burroughs states without qualification that the invocation of 6.508(D) by a Michigan court to deny a petitioner relief is a determination that the petitioner’s claim is procedurally barred, and that invoking 6.508(D) is sufficiently specific to bar a claim under 6.508(D)(3). 282 F.3d at 413-14. At no point does the court limit its holding to instances where it is undisputed that the claims at issue were not properly presented for state appellate review. Our conclusion that the Michigan Supreme Court actually invoked 6.508(D)(3) to bar Friedman’s claim is supported by the fact, which was conceded by Friedman at oral argument, that none of the other procedural bases for denying Friedman’s Brady claim under 6.508(D) are applicable to that claim. The clear implication, then, is that — by citing 6.508(D) in its order denying Friedman leave to appeal — the Michigan Supreme Court was inyoking 6.508(D)(3) specifically.
Friedman, 83 Fed.Appx. at 725-26.
While this unpublished decision is not precedentially binding, see Longaberger Co. v. Kolt, 586 F.3d 459, 468 (6th Cir. 2009), I certainly find it to be persuasive and consistent with this court’s longstanding interpretation of M.C.R. 6.508(D) in the context of habeas review. More importantly, Friedman properly rebuffed the petitioner’s attempt to artificially interject a substantive component into a court rule that is purely a procedural bar. Unfortunately, the en banc majority in the present case now makes this legal misstep.
In promulgating M.C.R. 6.508(D)(3), the Michigan Supreme Court emulated the federal habeas corpus practice for addressing procedurally defaulted claims. As the Michigan Supreme Court has explained:
The requirements of showing good cause for failure to raise the issue on direct appeal and prejudice from the alleged error to entitle a defendant to relief are derived from United States Supreme Court decisions involving federal habeas corpus challenges to state convictions and collateral review of federal ones. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); United States v. Frady, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973).
Jackson, 633 N.W.2d at 830.
Just as our review of procedural defaulted claims for “cause,” “prejudice,” and “fundamental miscarriage of justice,” see Coleman, 501 U.S. at 750, 111 S.Ct. 2546, is not an adjudication of the merits of the federal constitutional claims, neither is Michigan’s post-conviction review. Rather, an adjudication pursuant to M.C.R. 6.508(D)(3) entails a “cause,” “prejudice,” and “miscarriage of justice” analysis and disposition. In the present case, our panel, in its vacated majority opinion, properly engaged in such an analysis and held:
*307 Guilmette has therefore failed to establish cause and prejudice for his procedural default of his claim of ineffective assistance of trial counsel, and thus he is barred from raising that issue on habeas review.
Guilmette I, 591 F.3d at 512.
The Michigan post-conviction procedure is the same. The Michigan appellate courts do not adjudicate the merits of federal constitutional claims when dismissing such claims for failure to sustain the “burden of establishing entitlement to relief under MCR 6.508(D).” See People v. Brown, 196 Mich.App. 153, 492 N.W.2d 770 (1992) and People v. Watroba, 193 Mich. App. 124, 483 N.W.2d 441 (1992) (reversing trial court decisions adjudicating the merits of the substantive claims raised on post-conviction appeals, rather than addressing the narrower issues of “cause” and “prejudice” required by M.C.R. 6.508(D)(3)).
In Paprocki v. Foltz, 869 F.2d 281 (6th Cir.1989), a decision that pre-dated the promulgation of M.C.R. 6.508(D), we encouraged the Michigan state courts to undertake post-conviction review and held that the Michigan Court of Appeals’ review of the petitioner’s constitutional claims for “manifest injustice” did not constitute an adjudication of the substantive merits of the claims or waive the procedural bar of the state’s contemporaneous objection rule:
What the state court of appeals did, as we understand it, was to enforce the procedural bar while reserving the right to excuse it if necessary to prevent manifest injustice. We would be loath to adopt an exception to the “cause and prejudice” rule that would discourage state appellate courts from undertaking the sort of inquiry conducted by the Michigan court, and we do not believe that the state court’s explanation of why the jury instructions resulted in no manifest injustice can fairly be said to have constituted a waiver of the procedural default. Even if there had been such a waiver, however, Mr. Paprocki would not be entitled to the relief he seeks in this case — for the instructions, as we view them, would not warrant habeas relief in any event.
Paprocki, 869 F.2d at 284-85.
Moreover, I find the “cause and prejudice” analysis and disposition, under either our habeas corpus practice or Michigan’s post-conviction procedure, to be analogous to a plain-error adjudication. On this issue, in Scott v. Mitchell, 209 F.3d 854 (6th Cir.2000), we rejected the petitioner’s argument that a plain-error ruling entails an adjudication of the merits- of the underlying federal claim:
[H]e claims that because the contemporaneous-objection rule does not preclude the state appellate courts from performing a plain-error review, the rule itself is dependent on federal law and is therefore not an “independent and adequate state ground”....
Scott, 209 F.3d at 866.
In doing so, we stated that were we to adopt petitioner’s position, we “would eviscerate the very foundations of the adequate and independent state ground doctrine, which are federalism, finality and comity.” Id. at 867. Later, in Lundgren v. Mitchell, 440 F.3d 754 (6th Cir.2006), we made our holding explicit:
Petitioner argues that the Ohio Supreme Court waived any procedural default that may have existed by conducting a plain error analysis on some of Petitioner’s claims upon direct appeal, even though Petitioner had failed to preserve those claims through contemporaneous objections during trial.... [T]his Court has held that a state court’s plain error analysis does not save a petitioner from *308 procedural default. See Scott v. Mitchell, 209 F.3d 854, 866 (6th Cir.2000). Plain error analysis is more properly viewed as a court’s right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits.
Lundgren, 440 F.3d at 765 (emphasis added); see also Williams v. Bagley, 380 F.3d 932, 968-69 (6th Cir.2004) (“[T]his court has repeatedly held, in published decisions, that plain error review by an appellate court constitutes enforcement of Ohio’s contemporaneous objection rule.”); Gulertekin v. Tinnelman-Gooper, 340 F.3d 415, 423 (6th Cir.2003) (holding that the state appellate court’s occasional reference to “reversible error” and citation to federal law did not foreclose a finding that the state court invoked a state procedural bar to preclude habeas review on an independent state procedural ground, where the state court noted the petitioner’s failure to comply with a contemporaneous objection rule and discussed only plain error); Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001) (“[W]e view a state appellate court’s review for plain error as the enforcement of a procedural default”); Seymour v. Walker, 224 F.3d 542, 557 (6th Cir.2000) (“Controlling precedent in our circuit indicates that plain error review does not constitute a waiver of state procedural default rules.”).
The majority overrules precedent and reaches its holding by misreading People v. Jackson, 465 Mich. 390, 633 N.W.2d 825 (2001).[3] In doing so, my colleagues erroneously conclude that the Michigan Supreme Court ruled on the substantive merits of Jackson’s federal constitutional claims. It did not. Rather, the Michigan Supreme Court analyzed Jackson’s claim under the “cause” and “prejudice” procedural bar of M.C.R. 6.508(D)(3). Like the present case, it was the state trial court in Jackson — not the Michigan Supreme Court — that decided the federal issues on their merits. In affirming the judgment, only, of the lower court, the Michigan Supreme Court clearly applied the higher, and more-demanding procedural bar of “cause” and “prejudice”:
As noted earlier, the circuit judge carefully reviewed and discussed the merits of these claims, finding them without merit. This, in effect, amounts to a determination that defendant failed to establish the prejudice aspect of the MCR 6.508(D)(3) standard. That made it unnecessary for the court to address the good cause question. See Reed, supra at 400-401, 535 N.W.2d 496.
We find no error in the judge’s analysis of the prejudice question and therefore affirm.
Jackson, 633 N.W.2d at 834. The result, not rationale, of the trial court’s decision, was affirmed by the Michigan Supreme Court.
In the present case, the majority has overruled our well-established precedent on the basis of their misinterpretation of a single paragraph of a state court per curiam opinion. However, the ultimate arbitrator of Michigan law, the Michigan Supreme Court, has not similarly misread its own decision. I would follow Michigan’s well-established construction of its post-conviction procedural rules. I therefore respectfully dissent from the novel construction of the Michigan court rules created by my colleagues.
In my view, today’s decision usurps the role of the Michigan appellate courts and defies the principles of comity and federalism that underlie the independent and ade *309 quate state ground doctrine. It will open the floodgates for expansive habeas review because:
Without the rule, a federal district court would be able to do in habeas what this [Supreme] Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court’s jurisdiction and a means to undermine the State’s interest in enforcing its laws.
Coleman, 501 U.S. at 730-31, 111 S.Ct. 2546.
For these reasons, I would hold the vacated panel opinion correctly determined that under Michigan’s independent and adequate rules of criminal procedure, petitioner Guilmette’s federal constitutional claims were proeedurally defaulted and, thus, for purposes of federal habeas review, were analyzed for cause and prejudice, which the majority properly found lacking. Accordingly, I respectfully dissent. I would reinstate the panel majority opinion and reverse the district court.

. The panel majority noted that:
This result is consistent with Abela v. Martin, 380 F.3d 915 (6th Cir.2004). In that case, both the Michigan trial court and the Michigan Court of Appeals denied the petitioner's collateral claims on the merits before the Michigan Supreme Court denied review pursuant to Mich. Ct. R. 6.508(D). Id. at 920. In part because the lower state courts had "repeatedly ruled on the merits,” we concluded in Abela that the invocation of Mich. Ct. R. 6.508(D) by only the Michigan Supreme Court did not sufficiently indicate that the court was invoking a procedural bar, and thus that the claim was not procedurally defaulted. Id. at 923-24. In the present case, however, both the state appellate and state supreme court denied leave to appeal pursuant to Rule 6.508(D); this case is thus squarely controlled by our decision in Munson.
Guilmette I, 591 F.3d at 509.

. The Michigan Constitution provides in pertinent part: “The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state.” Mich. Const.1963, art. 6, § 5.

. Similarly, my colleagues read far too much into a single denial order of the state court for which a claim of ineffective assistance of appellate counsel was purportedly raised.