# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

GRADY HUDSON,

      Defendant-Appellant.

UNPUBLISHED
March 17, 2015

No. 318732
Wayne Circuit Court
LC No. 98-004887-FC

Before: DONOFRIO, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from a sentence imposed following the grant of a motion for resentencing. Defendant's original sentence was previously affirmed by this Court in *People v Hudson*, unpublished opinion per curiam of the Court of Appeals, issued December 26, 2000 (Docket No. 216054) (*Hudson I*). We vacate and remand for reinstatement of defendant's original sentence.

Underlying this appeal is the murder of a fifteen-year-old girl, Keilea Smothers. At defendant's trial, Keilea's older brother, Dion Smothers, testified that on April 5, 1998, he was at his parents' house returning a tool when he saw defendant on the porch of the house next door. According to Dion, defendant told him "not to come bring [his] ass on that block." Dion testified that he ignored defendant and went into his parents' house, and when he came outside with Keilea, defendant was standing in between his house and Dion's parents' house. As Dion and Keilea walked across the street, defendant fired a gun in their direction, striking Keilea in the abdomen. Keilea died as a result of the gunshot wound.

Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced[1] as a third habitual offender, MCL 769.11, to 40 to 60 years'

---

[1] Defendant was originally sentenced under the judicial sentencing guidelines, not the statutory sentencing guidelines, which took effect on January 1, 1999, because the court imposed sentence on November 6, 1998.

imprisonment for the second-degree murder conviction,[2] to be served consecutively to a sentence of two years' imprisonment for the felony-firearm conviction. On November 30, 1998, defendant filed an appeal as of right, and in *Hudson I*, unpub op at 4, this Court affirmed defendant's convictions and sentences.

On January 16, 2013, defendant filed an in propria persona motion to correct his sentence, arguing that he was improperly sentenced as a habitual offender in 1998 because the prosecutor never filed a habitual offender charge. The trial judge's successor denied defendant's request for resentencing, but issued an amended judgment of sentence removing reference to defendant's third habitual offender status. On May 30, 2013, defendant filed a motion for resentencing. At a hearing on the motion, defendant contended that his current sentence was invalid because his original sentence was based on his third habitual offender status, which the successor judge set aside. The successor judge agreed, and granted defendant's request for resentencing. Following a resentencing hearing, the judge resentenced defendant to 30 to 60 years' imprisonment for his second-degree murder conviction and two years' consecutive imprisonment for his felony-firearm conviction.

Defendant now argues that the successor judge abused his discretion in departing from the sentencing guidelines for his second-degree murder conviction, without articulating substantial and compelling reasons for doing so. We will not address this argument, however, because we conclude that the trial court erred in both removing defendant's habitual offender designation from the judgment of sentence and resentencing defendant.

In *Hudson I*, unpub op at 3-4, this Court addressed the validity of defendant's original second-degree murder sentence of 40 to 60 years' imprisonment, and stated the following:

> We find that defendant's sentence is proportionate to the offense and the offender. . . .[1] [D]efendant's criminal history reflects that defendant is unable to conform his conduct to the laws of society. Defendant was convicted in 1989 of possession of less than twenty-five grams of cocaine. He was sentenced to five years' probation, but violated probation twice. In January 1996, defendant pleaded guilty to receiving stolen property less than $100. In August 1997, while on probation, defendant attacked a man . . . and the man fell and hit his head on the cement sidewalk; he died in the hospital the next day. Defendant pleaded guilty to manslaughter. Defendant was out on bond for the manslaughter charge when he committed the instant offense. As the trial court noted at sentencing, the victim in this case was an innocent bystander. Other innocent bystanders were also present and their lives were put in danger due to defendant's disregard for the laws of society. The sentence imposed by the trial court did not constitute an abuse of discretion.

---

[2] The original judgment of sentence states the following regarding defendant's second-degree murder conviction: "Count 2) [sic] 40 years nor more than 60 years - SET ASIDE and enhanced to not less than 40 years nor more than 60 years pursuant to MCL 769.13 3rd offense."

1. Second-degree murder is punishable by imprisonment for life or any term of years, in the discretion of the trial court.  MCL 750.317; MSA 28.549.  The third habitual offender statute, MCL 769.11; MSA 28.1083, provides that a court may sentence a defendant to imprisonment for life or a lesser term, where the subsequent felony, here second-degree murder, is punishable upon first conviction by imprisonment for life.

Under the law of the case doctrine, "an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case."  *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994).  The law of the case doctrine mandates that, on subsequent appeal, a court may not decide a legal question differently when the facts remain materially the same.  *People v Kozyra*, 219 Mich App 422, 433; 556 NW2d 512 (1996).  "The doctrine applies to questions specifically decided in an earlier decision and to questions necessarily determined to arrive at that decision."  *Webb v Smith (After Second Remand)*, 224 Mich App 203, 209; 568 NW2d 378 (1997).  Two exceptions to the doctrine exist:  (1) when the prior decision precludes independent review of constitutional facts and (2) when an intervening change of law occurs after the original appellate decision.  *Id.* at 210.  In criminal cases, the law of the case doctrine need not be applied if it would create injustice or if the prior opinion was clearly erroneous.  *People v Phillips (After Second Remand)*, 227 Mich App 28, 33-34; 575 NW2d 784 (1997).

In the instant case, this Court's original decision regarding the validity of defendant's sentence in *Hudson I* constrained both the trial court and this Court from revisiting the issue.  The two exceptions to the law of the case doctrine are inapplicable, and this Court's decision in *Hudson I* was not unjust or clearly erroneous.  Below, the successor judge set aside defendant's third habitual offender status because he believed "there was no habitual that was instated [sic] at the time of the [original] sentence."  However, the record shows that on May 8, 1998, the prosecutor filed an amended information charging defendant as a third habitual offender under MCL 769.11[3] on the basis of defendant's prior felony convictions.  At defendant's original sentencing hearing, the trial judge noted defendant's habitual offender status.  At the time of defendant's original sentence, MCL 769.11(1)(b) provided that when the sentencing felony "is punishable upon a first conviction by imprisonment for life, then the court . . . may sentence the person to imprisonment for life or for a lesser term of years."  Accordingly, defendant's original sentence was within the statutory limits for his offense.

Further, the trial judge articulated on the record defendant's criminal history, which reflected that he was unable to conform his conduct to the laws of society.  The trial judge also considered that (1) defendant violated probation twice, (2) while on probation, defendant was charged with manslaughter, and (3) while defendant was out on bond for the manslaughter charge, he committed the instant offense.  This Court's prior decision affirming the validity of

---

[3] MCL 769.11, as amended by 90 PA 1988.

defendant's 40 to 60 year sentence was not clearly erroneous and did not create injustice.[4]  Thus, the law of the case doctrine precluded further review of defendant's original sentence and the lower court erred in resentencing defendant.[5]

---

[4] Contrary to defendant's assertion on appeal, the trial judge was not obligated to provide substantial and compelling reasons to depart from the judicial sentencing guidelines in effect at the time of defendant's original sentence.  Because the judicial guidelines were advisory in nature, appellate courts reviewed sentences imposed before the statutory guidelines took effect under principles of proportionality to determine whether a sentence was proper.  See *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990).  In *Hudson I*, unpub op at 3-4, this Court properly reviewed defendant's original sentence under the proportionality standard and determined it was proportional to the crime he committed.

[5] Although we conclude the lower court properly sentenced defendant on the third habitual offender charge in the first judgment of sentence, we note that a sentence of 40 to 60 years' imprisonment for defendant's second-degree murder conviction was appropriate regardless of his habitual offender designation.  As this Court noted in *Hudson I*, unpub op at 3 n 1, second-degree murder is "punishable by imprisonment for life or any term of years, in the discretion of the trial court."  At defendant's original sentencing hearing, the court stated the following:

> So it's the sentence of the Court that you be committed to the Department of Corrections on the second degree murder case for a period of not less than 40 years nor more than 60 years . . . .  And I'm going to impose the same sentence on the habitual.  I'm not going to enhance it.  I think it's significant enough already.  So I am going to set the 40 to 60 and impose the same sentence on the fourth [sic] felony offender enhancement.

In sum, defendant's second-degree murder sentence of 40 to 60 years' imprisonment was not altered by the third habitual offender charge, which renders moot the issue of whether the prosecutor properly filed notice of the charge.  The successor judge even noted this fact at the hearing on defendant's motion for resentencing.  He stated the following:

> [The previous judge] decided that that would be your sentence, forty to sixty.  That's without the habitual.  Then what he did is a matter of housekeeping, because he thought you had a habitual on here, he imposed another sentence of forty to sixty, without enhancing it, to the habitual.  So the original sentence was forty to sixty plus two. . . .  So, what I did was set aside . . . the habitual sentence, and left the forty to sixty that he gave you originally.

Apparently, after removing the habitual offender designation from the original judgment of sentence, the successor judge agreed to resentence defendant because the original order stated that the 40 to 60 year sentence on defendant's second-degree murder conviction was "set aside and enhanced" pursuant to the third habitual offender designation.  However, in light of the judge's statements at the original sentencing hearing, use of the phrase "set aside" on the judgment of sentence does not indicate to us that defendant had no valid sentence on his second-

Moreover, the successor judge had no authority to resentence defendant under the court rules because the original sentence was valid. MCR 6.429(A) provides that a "court may not modify a valid sentence after it has been imposed except as provided by law." MCR 6.429(B) governs the time requirements for filing a motion to correct an invalid sentence, and states in part the following:

> (3) If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within 6 months of entry of the judgment of conviction and sentence.

> (4) If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500.

MCR 6.502(A) states that a "request for relief under this subchapter must be in the form of a motion to set aside or modify the judgment." To prevail on a motion for relief from judgment, a defendant must show good cause for failing to raise such grounds on a prior appeal and must demonstrate actual prejudice. MCR 6.508(D)(3)(a) and (b); *People v Brown*, 196 Mich App 153, 158; 492 NW2d 770 (1992).

Because 15 years had passed since entry of the original sentence, to contest his judgment of sentence, defendant was required to file a motion to set aside or modify the judgment under MCR 6.429(B)(4). In 2013, defendant did not file a motion for relief from judgment, but instead filed a motion to correct his invalid sentence. Even if we construed defendant's 2013 motion as a motion for relief from judgment, MCR 6.504(B)(4) required the trial court to order the prosecutor to file a response to such a motion as provided in MCR 6.506. Here, the successor judge did not order the prosecutor to respond to defendant's motion. Defendant argues he was prejudiced by his invalid sentence because the prosecutor did not file a notice of intent to seek a habitual offender enhancement. However, the record clearly shows that the prosecutor filed the required notice, and defendant does not provide good cause for his failure to raise this argument in his first appeal. Accordingly, the successor judge lacked authority to alter defendant's valid original sentence.

Finally, defendant argues that his presentence investigation report (PSIR) was inaccurate because it indicated he was charged with "C[ounts] 3 & 4 – Homicide – Murder – Second degree," and allegedly reported he had two felony-firearm sentences. Defendant correctly points out that the prosecutor did not file counts three and four against him. Rather, defendant was convicted of second-degree murder as a lesser included offense of count one, which was a charge of first-degree murder. Accordingly, the "Charge(s) at Arrest," "Final Charges," and "Sentence/Disposition" sections of his PSIR should be amended with respect to defendant's second-degree murder conviction. Defendant's challenge to the report of his felony-firearm sentence is a misapprehension of the information reported in the PSIR, so no alteration is necessary. Defendant was convicted of second-degree murder as a lesser included offense of

---

degree murder conviction apart from the habitual offender charge. Accordingly, defendant's arguments concerning his habitual offender status are irrelevant to the validity of his original sentence.

-5-

first-degree murder and of felony-firearm, with the sentences for the two convictions to be served consecutive to one another. Because the errors in defendant's PSIR are clerical and had no substantive effect on this case, resentencing is not required. *People v Harmon*, 248 Mich App 522, 533; 640 NW2d 314 (2001).

Vacated and remanded for reinstatement of the original sentence and for correction of the PSIR in accord with this opinion. We do not retain jurisdiction.

/s/ Pat M. Donofrio
/s/ Michael J. Riordan
/s/ Michael F. Gadola