PEOPLE v REED

Docket No. 150502. Submitted January 13, 1993, at Detroit. Decided
   March 15, 1993, at 9:25 A.M. Leave to appeal sought.

   Albert Reed was convicted by a jury in the Recorder's Court for
   the City of Detroit, Edward M. Thomas, J., of first-degree felony
   murder, assault with intent to murder, assault with intent to
   rob while armed, and possession of a firearm during the com-
   mission of a felony. He appealed, raising issues concerning
   erroneous instructions regarding the charge of felony murder
   and improper prosecutorial comments. The Court of Appeals,
   V.J. BRENNAN, P.J., and ALLEN and GRIBBS, JJ., affirmed in an
   unpublished opinion per curiam, decided September 13, 1984
   (Docket No. 74583). On March 28, 1985, the Supreme Court
   denied the defendant's request for the appointment of counsel
   for the purpose of pursuing leave to appeal. On May 20, 1991,
   the defendant moved in the trial court, pursuant to MCR 6.500
   et seq., for relief from the judgment. The court, Daphne Means
   Curtis, J., granted the defendant's postappeal motion, ruling
   that the defendant was entitled to a new trial because of
   ineffective assistance of counsel in the trial court and the Court
   of Appeals. The prosecutor appealed by leave granted.

   The Court of Appeals held:

   1. Because the defendant proceeded under the postappeal
   relief procedures of MCR 6.500 et seq., the appeal is governed
   by the specific appeal procedures provided in that subchapter.
   MCL 770.12; MSA 28.1109, which authorizes certain appeals by
   prosecutors, is inapplicable in this case. The Court of Appeals,
   pursuant to MCR 6.509, has jurisdiction to review the trial
   court's order granting the defendant relief from the judgment.

   2. To establish a claim of ineffective assistance of counsel at
   trial or on appeal, a defendant must show that counsel's
   performance was deficient and that, under an objective stan-
   dard of reasonableness, counsel made an error so serious as not
   to be functioning as an attorney as guaranteed by the Sixth

REFERENCES

Am Jur 2d, Appeal and Error §§ 123, 124; Criminal Law §§ 984-987.
Adequacy of defense counsel's representation of criminal client
regarding appellate and post-conviction remedies. 15 ALR4th 582.

Amendment. The defendant must also overcome the presumption that the challenged action might be considered sound trial strategy. Furthermore, the deficiency must be prejudicial to the defendant.

3. An appellate attorney's failure to raise an issue may result in counsel's performance falling below an objective standard of reasonableness if that error is sufficiently egregious and prejudicial. However, the attorney's failure to raise every conceivable issue does not constitute ineffective assistance of counsel. To permit proper review in cases where appellate counsel has pursued an appeal as of right and raised nonfrivolous claims, the defendant must make a testimonial record in the trial court in connection with a claim of ineffective assistance of appellate counsel.

4. In light of the appellate counsel's decision to raise two arguments in the appeal of right, the decision not to raise other issues on appeal was not an error of such magnitude that it rendered the performance seriously deficient. The defendant failed to overcome the presumption that the decision regarding which claims to pursue might be considered sound appellate strategy. The defendant did not sustain his burden of establishing good cause for the failure to raise in his original appeal the issues raised in the motion for postappeal relief. The use of the postappeal relief procedure is inapplicable unless the defendant succeeds in showing both good cause for failure to raise an issue and actual prejudice resulting from the alleged irregularity.

5. The trial court's order granting the defendant relief from judgment and for a new trial must be vacated and the trial court must reinstate the defendant's convictions and sentences.

Reversed.

SHEPHERD, J., dissenting in part, stated that the majority's opinion concerning the question whether there was ineffective assistance of appellate counsel is premature. The Court of Appeals should reserve jurisdiction and remand the case to the trial court for a hearing regarding the strategic reasons for the appellate counsel's decision not to raise issues and a determination whether the failure to raise valid issues was prejudicial.

1. CRIMINAL LAW — APPEAL — POSTAPPEAL RELIEF — JURISDICTION.

The Court of Appeals has jurisdiction to review a trial court's grant of a motion for a new trial brought pursuant to the postappeal relief procedures of subchapter 6.500 of the Michigan Court Rules (MCL 600.308[2][d]; MSA 27A.308[2][d]; MCR 6.509).

2. CRIMINAL LAW — APPEAL — INEFFECTIVE ASSISTANCE OF APPELLATE
COUNSEL.

An appellate attorney's failure to raise an issue may result in
counsel's performance falling below an objective standard of
reasonableness if that error is sufficiently egregious and preju-
dicial; however, the attorney's failure to raise every conceivable
issue does not constitute ineffective assistance of counsel; to
permit proper review in cases where appellate counsel has
pursued an appeal as of right and raised nonfrivolous claims,
the defendant must make a testimonial record in the trial court
in connection with a claim of ineffective assistance of appellate
counsel.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Thomas M.
Chambers,* Assistant Prosecuting Attorney, for the
people.

*Elizabeth L. Jacobs,* for the defendant on appeal.

Before: GRIFFIN, P.J., and SHEPHERD and FITZ-
GERALD, JJ.

FITZGERALD, J. This case involves a prosecutor's
appeal from the trial court's grant of defendant's
postappeal motion for relief from judgment
brought under MCR 6.500 *et seq.* (subchapter
6.500). In granting the motion, the court ruled that
defendant was entitled to a new trial. Pursuant to
our order granting leave to appeal, we instructed
the parties to address the issue concerning this
Court's jurisdiction with regard to the prosecutor's
application for leave to appeal.

On August 1, 1983, defendant was convicted by a
jury of first-degree felony murder, MCL 750.316;
MSA 28.548, assault with intent to murder, MCL
750.83; MSA 28.278, assault with intent to rob
while armed, MCL 750.89; MSA 28.284, and pos-

session of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant appealed, raising two issues: erroneous instructions regarding the charge of felony murder and improper prosecutorial comments. This Court affirmed defendant's convictions in an unpublished opinion per curiam, decided September 13, 1984 (Docket No. 74583). On March 28, 1985, the Supreme Court denied defendant's request for appointment of counsel for the purpose of pursuing leave to appeal. Defendant's May 20, 1991, motion for relief from judgment pursuant to MCR 6.502 was granted by the Recorder's Court for the City of Detroit.[1]

I

The prosecutor asked this Court for leave to appeal the order granting defendant's motion for relief from judgment.[2] In his answer, defendant asserted that this Court lacked jurisdiction to grant leave to appeal because the underlying offenses were committed on September 24, 1982, and the amended statute, MCL 770.12; MSA 28.1109, authorizing appeals by prosecutors, does not apply to crimes that occurred before March 30, 1988.[3] A brief synopsis of the history of prosecutorial appeals from an order granting a new trial is instructive in understanding defendant's argument.

---

[1] Subchapter 6.500 of the Michigan Court Rules establishes the procedures for pursuing postappeal relief from criminal convictions. The subchapter is the exclusive means to challenge a conviction in Michigan once a defendant has exhausted the normal appellate process.

[2] Although the order granted "Defendant's Motion for Relief from Judgment," the actual effect of the order is to grant defendant a new trial.

[3] The statute was amended by 1988 PA 66. The historical note to § 12 provides: "This amendatory act shall take effect March 30, 1988 and apply to crimes committed on or after that date."

Appeals by the prosecutor in a criminal case are allowed only in specific instances set forth in MCL 770.12; MSA 28.1109. *People v Cooke,* 419 Mich 420; 355 NW2d 88 (1984). In *Cooke,* the Supreme Court extremely limited the availability of a prosecutorial appeal as of right or by leave granted. One type of order that was eliminated as appealable was an order granting a new trial.

To circumvent the holding in *Cooke* prosecutors attempted to file complaints for superintending control to contest orders granting a new trial. In *In re People v Burton,* 429 Mich 133; 413 NW2d 413 (1987), the Court further limited the ability of a prosecutor to contest the granting of a new trial by holding that this Court lacked jurisdiction to issue an order of superintending control to grant the prosecutor's request for reversal of the trial court's decision granting the defendant a new trial. Under MCL 770.12; MSA 28.1109, the order granting a new trial to a defendant was not appealable, and the order of superintending control was an improper means of granting appellate review when an appeal was not provided by general law.

In 1988, the Legislature amended MCL 770.12; MSA 28.1109 to broaden the authority of prosecutors to appeal. 1988 PA 66. As a result of the amendment, prosecutors were given authority to appeal orders granting a new trial in cases where the crime occurred on or after March 30, 1988.

In this case, however, defendant proceeded under the postappeal relief procedures of subchapter 6.500. The prosecutor contends, therefore, that MCL 770.12; MSA 28.1109 is inapplicable and that appeals are governed by the specific appeal procedures provided in subchapter 6.500. We agree.

MCL 600.308; MSA 27A.308 defines the jurisdic-

tion of the Court of Appeals. Section 308(2)(d) provides:

> (2) The court of appeals has jurisdiction on appeal from the following orders and judgments which shall be reviewable only upon application for leave to appeal granted by the court of appeals:
>
> \* \* \*
>
> (d) Such other judgments or interlocutory orders as the supreme court may by rule determine.

The postappeal relief procedure of subchapter 6.500 specifically provides for the availability of an appeal from decisions under the subchapter. MCR 6.509 provides that "decisions under this subchapter are by application for leave to appeal to the Court of Appeals pursuant to MCR 7.205." The rule does not limit the availability of an appeal to a defendant. Thus, this Court has jurisdiction to review the trial court's order granting defendant relief from judgment. MCL 600.308(2)(d); MSA 27A.308(2)(d); MCR 6.509(A).

*People v Brown,* 196 Mich App 153; 492 NW2d 770 (1992), involved a prosecutor's appeal from the Detroit Recorder's Court's grant of the defendant's postappeal motion for relief from judgment brought under MCR 6.500 *et seq.* The underlying crime occurred on September 20, 1987. This Court treated the prosecutor's application for leave to appeal as a complaint for superintending control. The defendant sought leave to appeal. The Supreme Court denied leave to appeal, holding:

> It was improper for the Court of Appeals to exercise superintending control jurisdiction under the circumstances of this case. *In re Burton,* 429 Mich 133 (1987). However, it is noted that an application for leave to appeal was available to the prosecutor. MCL 600.308(2)(d); MSA 27A.308(2)(d);

MCR 6.509(A). The Court of Appeals should proceed with this matter as on leave granted rather than as superintending control. [439 Mich 1010 (1992).]

II

Having concluded that this Court has jurisdiction over the prosecutor's appeal, the question before us is whether the trial court properly granted defendant's motion for relief from judgment and awarded him a new trial. Generally, the grant of a new trial is reviewed for an abuse of discretion. *People v Bradshaw,* 165 Mich App 562, 566-567; 419 NW2d 33 (1988). However, MCR 6.508(D)(3) imposes limits on the trial court's grant of a postappeal motion for relief from judgment. That rule provides in pertinent part as follows:

The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

\* \* \*

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal.

In this case, the trial court granted defendant's motion on the ground of ineffective assistance of

counsel. Specifically, the trial court held that no sound trial strategy existed for trial counsel's failure to object to certain prosecutorial comments, and that appellate counsel failed to act as "reasonably prudent counsel" in failing to raise the issue regarding ineffective assistance of trial counsel.[4]

To establish a claim of ineffective assistance of counsel at trial, the defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. The defendant must also overcome the presumption that the challenged action might be considered sound trial strategy. Second, the deficiency must be prejudicial to the defendant. *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991). We conclude that this same standard also applies when analyzing claims of ineffective assistance of appellate counsel.[5]

An appellate attorney's failure to raise an issue may result in counsel's performance falling below an objective standard of reasonableness if that error is sufficiently egregious and prejudicial. However, appellate counsel's failure to raise every conceivable issue does not constitute ineffective assistance of counsel. See *Jones v Barnes,* 463 US 745; 103 S Ct 3308; 77 L Ed 2d 987 (1983). Counsel

---

[4] Because the ineffective assistance of trial counsel issue could have been raised in defendant's appeal as of right, defendant cannot raise the issue as a ground for postappeal relief unless good cause for failure to raise the issue is shown. The trial court found that appellate counsel's deficient performance in failing to raise the issue constituted good cause. However, the trial court did not determine that defendant suffered "actual prejudice" as a result of appellate counsel's failure to raise the issue of ineffective assistance of trial counsel.

[5] See, e.g., *Smith v Murray,* 477 US 527, 535; 106 S Ct 2661; 91 L Ed 2d 434 (1986).

must be allowed to exercise reasonable professional judgment in selecting those issues most promising for review. The fact that counsel failed to recognize or failed to raise a claim despite recognizing it does not per se constitute cause for relief from judgment. Thus, to permit proper review in cases where appellate counsel has pursued an appeal as of right and raised nonfrivolous claims, the defendant must make a testimonial record in the trial court in connection with a claim of ineffective assistance of appellate counsel. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).[6]

In this case, defendant labeled his appellate counsel "ineffective" eight years after the appeal of his conviction in an attempt to establish "good cause" for failing to raise additional issues in his appeal as of right. In light of appellate counsel's decision to raise two arguments in the appeal as of right, we do not think that it can seriously be maintained that the decision not to press unpreserved issues (or issues relating to trial counsel's failure to object) on appeal was an error of such magnitude that it rendered appellate counsel's performance seriously deficient under the *Strickland* test. Defendant has failed to overcome the presumption that appellate counsel's decision regarding which claims to pursue might be considered sound appellate strategy.[7] A deliberate, tactical decision not to pursue a particular claim is not the type of circumstance envisioned by subchapter 6.500 to constitute "good cause" for failure to raise

[6] Where appellate counsel has perfected an appeal on behalf of a defendant, it is unlikely, in the absence of testimony of appellate counsel, that the defendant would be able to establish that appellate counsel's failure to raise particular issues was the result of deficient performance as opposed to strategy.

[7] Although the trial court concluded that the issues raised by defendant in his motion for postappeal relief *may* be meritorious, appellate counsel did not have the benefit of the trial court's hindsight at the time of the original appeal.

an issue in the appeal as of right.[8] Defendant has not sustained his burden of establishing good cause for his failure to raise in his original appeal the issues now raised in his motion for postappeal relief. The use of the postappeal relief procedure is inapplicable unless the defendant succeeds in showing both good cause for failure to raise an issue and actual prejudice resulting from the alleged irregularity. Therefore, we need not determine whether defendant has carried the burden of showing actual prejudice from the allegedly improper prosecutorial comments and trial counsel's failure to object.

The trial court erred in granting defendant's motion for postappeal relief. Therefore, we vacate the trial court's order granting defendant relief from judgment and a new trial and instruct the court to reinstate defendant's convictions and sentences. We do not retain jurisdiction.

Reversed.

GRIFFIN, P.J., concurred.

SHEPHERD, J. *(concurring in part and dissenting in part).* I agree with the majority opinion with regard to the jurisdiction of the Court of Appeals to hear the prosecutor's appeal. I disagree with my colleagues regarding the question whether there was ineffective assistance of appellate counsel, not because the opinion is incorrect, but because I believe it is premature. I agree that there would be no valid claim of ineffective assistance of appel-

---

[8] The process of "winnowing out weaker arguments on appeal and focusing on" those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy. *Jones v Barnes, supra* at 751-752. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Strickland, supra* at 689.

late counsel if counsel had decided not to raise issues for strategic reasons. However, in this case the trial court did not conduct an evidentiary hearing so that the former appellate counsel could account for his decisions. There is nothing in the record to establish why issues that have at least some prima facie validity were not raised. I would also have the trial court make findings regarding whether the failure to raise valid issues was non-prejudicial. I would reserve jurisdiction.