COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JON PAUL KEAN,

Defendant-Appellant.

UNPUBLISHED
August 4, 2015

No. 321446
Kalamazoo Circuit Court
LC No. 2008-001131-FH

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree home invasion, MCL 750.110a(2); conspiracy to commit first-degree home invasion, MCL 750.157a; possession of burglar's tools, MCL 750.116; and larceny in a building, MCL 750.360. Defendant appealed his convictions and this Court affirmed in an unpublished opinion. *People v Kean*, unpublished opinion per curiam of the Court of Appeals, issued December 1, 2011 (Docket No. 292312). On May 9, 2013, defendant moved the trial court for relief from judgment pursuant to MCR 6.508(D). The trial court denied this motion and defendant appeals by leave granted. We reverse and remand.

## I. BACKGROUND

On the morning of July 9, 2008, defendant and John McLemore drove a truck to a house in Vicksburg, Michigan. One of them knocked on the door of the house and looked through the window. Defendant pried open a window and entered the house. Zachary Bowman, the son of the owner of the house, Guy Bowman, was inside the house at the time and saw defendant enter through the window. Hannah Bowman, Guy's daughter, was also in the house. Both of them hid because they were frightened. Zachary and Hannah heard medals clanging from the handle of a safe that Guy kept in his bedroom. While hiding, Zachary called Guy and told him there were intruders. Guy then called his neighbor Ron Miller and asked him to check the house. Miller went to the house and met McLemore in the driveway. Shortly after that, he saw defendant exit the house carrying a pry bar and two jewelry boxes. Defendant and McLemore drove away.

A police officer retrieved items that defendant had sold to a store in Lansing, Michigan on July 9, 2008. Guy identified some of the items as belonging to him. Defendant and McLemore were arrested on July 10, 2008, in a car later found to contain various tools that could

be used in a burglary. On July 11, 2008, McLemore took a police officer to an abandoned farm where the jewelry boxes were located. Defendant argued at trial that he did not commit the home invasion and that he was taking his girlfriend and her niece to court at the time of the invasion.

## II. RELIEF UNDER MCR 6.508(D)

"A defendant in a criminal case may move for relief from a judgment of conviction" pursuant to MCR 6.508(D). *People v Swain*, 288 Mich App 609, 629; 794 NW2d 92 (2010). "A defendant has the burden of establishing entitlement to relief." *Id.* at 630. The trial court is not permitted to grant relief from judgment to a defendant if the defendant's motion

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal . . . . [MCR 6.508(D).]

Our Supreme Court has stated that "good cause" under MCR 6.508(D)(3)(a) "can be established by proving ineffective assistance of counsel." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). If a defendant demonstrates good cause and actual prejudice resulting from ineffective assistance of appellate counsel, then the defendant is entitled to relief under MCR 6.508(D). *People v Brown*, 491 Mich 914, 914-915; 811 NW2d 500 (2012).

Defendant argues that his appellate counsel was ineffective in the initial appeal for failing to raise the issue of the trial court's jury instructions regarding conspiracy. The standard for determining ineffective assistance of appellate counsel is the same as the standard for determining ineffective assistance of trial counsel. *People v Reed*, 198 Mich App 639, 646; 499 NW2d 441 (1993). "In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." US Const, Am VI. "[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (quotation omitted). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687. Michigan law does not grant a different level of protection with regard to assistance of counsel from that of federal law. *People v Pickens*, 446 Mich 298, 318; 521 NW2d 797 (1994).

The defendant has the burden of showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . ." *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (quotations omitted). Specifically, counsel's performance must fall "below an objective standard of reasonableness." *Strickland*, 466 US at 688. Second, the defendant must show that "the deficient performance

prejudiced the defense." *LeBlanc*, 465 Mich at 578 (quotations omitted). The defendant must show that his attorney's performance "so prejudiced him that he was deprived of a fair [proceeding]." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). "To establish prejudice, he must show a reasonable probability that the outcome would have been different but for counsel's errors." *Id.*

However, "[c]ounsel is not ineffective for failing 'to advocate a meritless position.' " *People v Clark*, 274 Mich App 248, 257; 732 NW2d 605 (2007), quoting *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005). Therefore, to determine whether appellate counsel was ineffective for failing to raise the issue of the trial court's instruction on appeal, it must first be determined whether this instruction was in error. *Id.* at 257-258.

The trial court originally instructed the jury as to defendant's conspiracy charge as follows:

> The defendant is charged with the crime of Conspiracy to Commit Home Invasion in the First Degree. Anyone who knowingly agrees with someone else to commit a home invasion is guilty of conspiracy. To prove the defendant's guilt, the Prosecutor must prove each of the following elements beyond a reasonable doubt.
>
> First, that the defendant and someone else knowingly agreed to commit home invasion.
>
> Second, that the defendant specifically intended to commit or help commit that crime.
>
> Third, that this agreement took place on or about July 9, 2008.

During deliberation the jury asked the trial court the following question: "Did the defendant have to know that someone was present in the home to convict them [sic] on the count of conspiracy to home invasion first degree? — or — Is it just that someone was home, whether the defendant knew it or not?" The trial court answered "no" to the first question and "yes" to the second question. Thus, by answering "yes" to the second question, the trial court essentially instructed the jury that to find defendant guilty of conspiracy to commit first-degree home invasion, the jury did not need to find that defendant agreed to invade an occupied home, rather it merely had to find that the home was occupied when defendant invaded it.

The crime of conspiracy is established pursuant to MCL 750.157a, which states that "[a]ny person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner, is guilty of the crime of conspiracy . . . ." Conspiracy requires "both the intent to combine with others and the intent to accomplish the illegal objective." *People v Mass*, 464 Mich 615, 629; 628 NW2d 540 (2001).

To prove that defendant committed first-degree home invasion pursuant to MCL 750.110a(2), the prosecution had to prove that another person was "lawfully present in the building" at any time while defendant was "entering, present in, or exiting the dwelling . . . ." MCL 750.110a(2)(b). It follows from this that to prove that defendant committed conspiracy to commit first-degree home invasion, the prosecution had to prove that defendant agreed to invade

-3-

the home while another person was present in it. *Mass*, 464 Mich at 629 n 19. However, "[n]otably absent from the [supplemental] conspiracy instruction [following the jury questions] was the fact that the jury had to find that defendant had conspired," *id.* at 639, to break and enter a dwelling at a time when "[a]nother person is lawfully present in the dwelling." MCL 750.110a(2). Instead, the trial court instructed the jury in response to the jury questions that it merely had to find "that someone was home, whether the defendant knew it or not." Because the trial court failed to instruct the jury that to convict defendant of conspiracy to commit first-degree home invasion the jury must find that defendant agreed to enter the dwelling when another person was lawfully present in it, the trial court erred in its instructions following the jury questions. *Mass*, 464 Mich at 640.

Because the trial court erred in instructing the jury as to conspiracy, *id.*, appellate counsel would have had a meritorious and preserved issue to raise on direct appeal. As such, his failure to raise this issue on appeal fell below an objective standard of reasonableness. *Strickland*, 466 US at 688. See *People v Knapp*, 244 Mich App 361, 385; 624 NW2d 227 (2001).

Moreover, if defendant's appellate counsel had raised on appeal the issue of the trial court's jury instructions regarding conspiracy, there is "a reasonable probability[,]" *Grant*, 470 Mich at 486, that this Court would have vacated defendant's conspiracy conviction because "after an examination of the entire cause," it "affirmatively appear[s] that it is more probable than not that the [trial court's] error was outcome determinative[,]" *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). There was absolutely no evidence from which the jury could have found that defendant agreed to enter the Bowman house while another person was inside. To the contrary, the evidence suggests that defendant agreed to enter the house only if it was unoccupied. Zachary testified that on the morning of July 9, 2008, he saw a black truck drive onto the driveway of the house. Hannah testified that she saw two people in the truck. Zachary testified that he saw two people on the porch. Zachary testified that one man knocked on the front door, then the man knocked on the side door, but Zachary and Hannah did not answer because they did not know the man. Zachary testified that he saw a gray-haired man—who was different from the person knocking on the door—looking through a window of the house. Zachary testified that he went upstairs. Then, Zachary went downstairs, stood on the stairwell, and saw defendant climbing through a window. There is no evidence that defendant agreed to enter the house while another person was inside it. Thus, had the issue been raised on direct appeal, this Court would have found that it was "more probable than not" that if the jury was properly instructed, it would have acquitted defendant of conspiracy to commit first-degree home invasion. *Id.* Therefore, there is a "reasonable probability" that this Court would have decided the appeal differently but for counsel's failure to raise the issue on direct appeal. *Grant*, 470 Mich at 486. Specifically, this Court would have vacated defendant's conviction of conspiracy to commit first-degree home invasion.

We conclude that defendant established both good cause and actual prejudice under MCR 6.508(D)(3). Defendant showed his appellate counsel was ineffective, thereby establishing good cause under MCR 6.508(D)(3)(a). *Kimble*, 470 Mich at 314. Defendant also demonstrated actual prejudice under MCR 6.508(D)(3)(b) because, but for appellate counsel's error "defendant would have had a reasonably likely chance of" having his conspiracy conviction vacated because there was no evidence from which the jury could have found that defendant agreed to invade the home while another person was in it. MCR 6.508(D)(3)(b)(i). Therefore, defendant "has met his

burden of establishing entitlement to relief under MCR 6.508(D)." *Brown*, 491 Mich at 915. Because defendant established entitlement to relief under MCR 6.508(D), *id.*, the trial court's denial of defendant's motion was "outside the range of principled outcomes[,]" *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011), so the trial court abused its discretion in denying the motion.

We further conclude that the jury's finding was sufficient to convict defendant of conspiracy to commit second-degree home invasion pursuant to MCL 750.110a(3). The only element of first-degree home invasion that the trial court instructed the jury it was not required to find for the conspiracy conviction was that defendant agreed to invade the home while another person was in it. Knowledge of the home's occupancy is the only element that distinguishes first-degree home invasion, MCL 750.110a(2), from second-degree home invasion, MCL 750.110a(3). We vacate defendant's current conspiracy conviction because "the jury effectively, and only, determined defendant had conspired to" commit second-degree home invasion, and we remand for entry of a conviction of conspiracy to commit second-degree home invasion. *Mass*, 464 Mich at 641, 646. Resentencing is not, however, required because defendant was scored for first-degree home invasion, which is a Class B offense and the highest class crime of which defendant was convicted, MCL 777.16f, and resentencing would have no practical effect on the sentences which defendant is to serve.

We reverse the trial court's denial of defendant's motion for relief from judgment, vacate defendant's conviction of conspiracy to commit first-degree home invasion, and remand for entry of a conviction of conspiracy to commit second-degree home invasion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens