# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JONATHAN DAVID HEWITT-EL, also known as
JONATHAN DAVID HEWITT,

Defendant-Appellee.

UNPUBLISHED
May 8, 2018

No.  332946
Wayne Circuit Court
LC No.  10-002907-01-FC

---

ON REMAND

Before:  JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

In an order dated March 30, 2018, the Michigan Supreme Court vacated this Court's prior opinion in *People v Hewitt-El*, unpublished per curiam opinion of the Court of Appeals, issued November 17, 2016 (Docket No. 332946), and remanded this case to this Court for reconsideration of "all of the defendant's claims of error in light of the prosecutor's concession [that defendant's argument regarding trial counsel's failure to seek suppression of defendant's prior convictions under MRE 609 was not previously decided against him on direct appeal] and determine whether he is entitled to relief under MCR 6.508(D) under the proper standard, namely reviewing the Wayne Circuit Court's decision to grant the motion for relief from judgment for an abuse of discretion and reviewing its factual findings for clear error." *People v Hewitt-El*, ___ Mich ___; 908 NW2d 885 (2018) (Docket No. 155239) (citations omitted).

This case arises out of the robbery of James Lemon at his home in Detroit on February 14, 2010.  In 2011, this Court previously summarized the facts of this case on defendant's direct appeal as follows:

The victim, James Lemon, testified that defendant called him on February 14, 2010, about coming over to visit.  Defendant later arrived at Lemon's house, accompanied by a man he introduced as Terry.  Lemon testified that Terry pulled a gun on him and defendant demanded Lemon's money.  When Lemon tried to escape through a window, defendant told Terry to shoot Lemon and shots were fired.  Lemon was shot as he went through the window.

-1-

Defendant denied being at Lemon's house. According to defendant, Lemon had a drug habit and defendant had previously introduced Lemon to a dealer named Steve, whom Lemon knew as Terry. According to defendant, on the day of the offense, Lemon called defendant at home looking for drugs and defendant told him to call one of the people defendant had introduced him to. Defendant stated that Lemon later called him back to report that he had spoken to Terry, who was on his way to Lemon's house. Defendant testified that later in the month after the offense, a man named Craig called and "asked about the whereabouts of the guy Terry and [said] that if I didn't give Mr. Lemon the full name and address of Terry, then he would hold me responsible, seeing I'm the one who introduced them." [*People v Hewitt*, unpublished per curiam opinion of the Court of Appeals, issued September 15, 2011 (Docket No. 299241).]

Defendant was convicted of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm (felon-in-possession), MCL 750.224f, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and armed robbery, MCL 750.529. Defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 171 months to 25 years' imprisonment for the armed robbery conviction, 7 to 20 years' imprisonment for the AWIGBH conviction, 3 to 10 years' imprisonment for the felon-in-possession conviction, and 2 years' imprisonment, to be served consecutively to all other sentences, for the felony-firearm conviction.

Defendant appealed as of right his convictions and sentences. After concluding that defendant's claims of ineffective assistance of counsel were without merit, this Court affirmed defendant's convictions and sentences. *Hewitt*, unpub op at 1 (Docket No. 299241). Notably, this Court concluded that with respect to defendant's claim that defense counsel erroneously failed to seek suppression of defendant's previous convictions at trial, "defendant [did] not address the merits of his contention that the evidence did not qualify for admission under MRE 609 and, therefore, has abandoned this claim." *Hewitt*, unpub op at 4 (Docket No. 299241).

Acting *in propria persona*, defendant filed a motion for relief from judgment in the trial court, asserting that defense counsel was ineffective for failing to investigate and call alibi witnesses, and for failing to file a motion to suppress evidence of his prior convictions. He additionally asserted that the attorney who handled his claim of appeal was ineffective for failing to raise meritorious issues. A *Ginther*[1] hearing was held in order to further develop defendant's claims of ineffective assistance of counsel, and the trial court entered a "stipulated order vacating judgment of sentence" and granted defendant a new trial.

The prosecution successfully sought leave to appeal in this Court, arguing that the trial court erred in treating a motion for relief from judgment as a timely motion for a new trial, and considering issues already decided in defendant's prior direct appeal. This Court peremptorily vacated the order granting relief and remanded the case to the trial court for reconsideration

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

under the standards applicable to a motion for relief from judgment. *People v Hewitt-El*, unpublished order of the Court of Appeals, entered December 21, 2015.

On remand, the trial court entered an order granting defendant relief from judgment. The order set forth the standards for granting a motion for relief pursuant to MCR 6.508(D), and stated that trial counsel's performance was deficient for failing to investigate or call potential alibi witnesses, failing to seek suppression of defendant's prior convictions, and failing to present two named experts in support of the defense of physical impossibility. The order additionally stated that defendant had good cause for failing to raise his "central argument" on direct appeal regarding ineffective assistance of appellate counsel.

The prosecution again sought leave to appeal in this Court. This Court granted leave and stayed further proceedings pending the outcome of the appeal. *People v Hewitt-El*, unpublished order of the Court of Appeals, entered June 7, 2016 (Docket No. 332946). In the opinion that followed, this Court declined to revisit issues it had decided in the earlier appeal. *Hewitt-El*, unpub op at 4 (Docket No. 332946). This Court counted among them "the issue regarding the admission of defendant's prior convictions under MRE 609," noting that it had earlier concluded that defendant had "abandoned the claim on appeal" that defense counsel was ineffective. *Id.*

This Court rejected defendant's remaining claims, which consisted of challenges to the effectiveness of defense counsel for having declined to investigate or present certain alibi witnesses, to call medical experts in support of defendant's theory that he was physically incapable of committing the charged offenses, or to move for dismissal of the felon-in-possession charge. *Id.* at 5-8. This Court further concluded that defendant had sufficient opportunity to present his impossibility defense at trial, and that appellate counsel was not ineffective for declining to raise the attendant issue in that regard on appeal. *Id.* at 8. Accordingly, this Court reversed the trial court's decision granting relief from judgment.

Defendant sought leave to appeal in the Michigan Supreme Court. The prosecution answered, and filed a supplemental brief in which it noted that this Court in its 2011 decision on direct appeal rejected defendant's issue relating to suppression of his prior convictions under MRE 609 by deeming it abandoned for want of discussion on its merits, and conceded that this Court in its 2016 decision reviewing the trial court's order granting relief from judgment "erred in concluding this issue had nonetheless been addressed . . . when the . . . Court addressed the limiting instruction issue," on the ground that "admission of evidence is a distinct issue from whether, after that evidence is admitted, it warranted a limiting instruction."

On March 30, 2018, the Supreme Court, in lieu of granting leave, vacated this Court's November 17, 2016 decision "in light of the prosecutor's concession that defendant's argument that trial counsel was ineffective for failing to seek suppression of his prior convictions under MRE 609 was not decided against him on direct appeal," and remanded the case to this Court for reconsideration. *People v Hewitt-El*, ___ Mich ___; 908 NW2d 885 (2018). The Court directed this Court to "consider all of the defendant's claims of error in light of the prosecutor's concession and determine whether he is entitled to relief under MCR 6.508(D) under the proper standard," specifying review of the trial court's decision "for an abuse of discretion" and its factual findings "for clear error." *Id.* As noted, our Supreme Court retained jurisdiction, and

directed this Court to forward its decision on remand to the Clerk of the Supreme Court within 60 days of the remand order. *Id.*

Now, on remand, and after plenary review, we conclude that although the trial court's determination that defense counsel was ineffective for failing to ask the court to limit the prosecution's use of defendant's prior convictions sheds light on a deficiency in defense counsel's performance at trial, it is not enough to entitle defendant to relief from judgment.

A defendant seeking post-appellate relief from judgment bears the burden of establishing entitlement to the relief requested. MCR 6.508(D). Where the defendant seeks such relief on grounds, other than jurisdictional ones, that could have been raised on appeal, the defendant must show good cause for the failure to raise such grounds earlier. MCR 6.508(D)(3)(a). "The requirement of 'good cause' can be established by proving ineffective assistance of counsel." *People v Swain*, 288 Mich App 609, 631; 794 NW2d 92 (2010). A criminal defendant seeking relief from judgment must also show that, "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal . . . ." MCR 6.508(D)(3)(b)(i).

This Court reviews "a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *Swain*, 288 Mich App at 628. Factual findings are clearly erroneous if the reviewing court, upon review of the entire record, "is left with a definite and firm conviction that a mistake has been made." *People v McSwain*, 259 Mich App 654, 682; 676 NW2d 236 (2003) (quotation marks and citation omitted). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law." *Swain*, 288 Mich App at 628-629 (citations omitted).

In granting defendant relief from judgment, trial court concluded that trial counsel was ineffective for failing to seek suppression of defendant's prior convictions, and further, that appellate counsel was ineffective for failing to develop the issue sufficiently to obtain appellate consideration of it. See *People v Reed*, 198 Mich App 639, 646; 499 NW2d 441 (1993) ("where appellate counsel has . . . raised nonfrivolous claims, the defendant must make a testimonial record in the trial court in connection with a claim of ineffective assistance of appellate counsel"). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016). A trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo. *Id.* at 188. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

Effective assistance of counsel is presumed, and criminal defendants have a heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016). When claiming ineffective assistance of counsel, it is a defendant's burden to prove "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must show that "but for counsel's deficient performance, a different result would have

been reasonably probable." *Armstrong*, 490 Mich at 290, citing *Strickland*, 466 US at 694–696. "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). For purposes of a motion for relief from judgment, however, showing the required prejudice means showing that, "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal . . . ." MCR 6.508(D)(3)(b)(i).

In this case, following a *Ginther* hearing, the trial court explained as follows:

> [W]ith regard to the supposed admissibility of Defendant's prior convictions, pursuant to MRE 609 Counsel presumed that Defendant's prior convictions would not have been suppressed as a consequence of Defendant's decision to testify on his own behalf, so he decided not to bring the motion to suppress. Nevertheless, Counsel's unsubstantiated foregone conclusion that the motion would have been denied is not an adequate substitute for reasonably professional assistance. MRPC 1.3 requires "that a lawyer act with reasonable diligence . . . ." Conse-quently, despite the parties stipulating that Defendant was a prior unnamed felon, the nature of such felony was not a detail that would have been so inevitable as to vitiate the need to file a motion to suppress in the course of zealous representation by Counsel. As an advocate, Counsel was duty bound to compel the Court to engage in the balancing test to determine whether the probative value of the evidence is outweighed by the prejudicial effect of admitting such evidence. Notably, ". . . For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor." MRE 609(b). Thus, it plainly appears that the very scenario contemplated by Michigan's Legislature was before this Court in Defendant's case. Yet, Counsel chose not to bring the appropriate motion, under MRE 609.

In sum, the trial court found that defense counsel missed an opportunity to minimize, or even avoid outright, the damage defendant's multiple prior convictions would have when brought to the attention of the jury. The trial court stopped short, however, of stating how much success defense counsel would likely have had with a motion to suppress, or whether this deficiency in trial counsel's performance standing alone would have warranted relief from judgment. The trial court instead concluded that the mishandling of the MRE 609 issue, along with the other errors the court identified, constituted "performance . . . below objective standards of reasonableness," such that it was "reasonably probable that the results of the proceeding would have been different had it not been for counsel's error."

Accordingly, the issue now before this Court is whether the trial court correctly determined that defense counsel's handling of the MRE 609 issue at trial constituted an objectively unreasonable performance. If so, we then must address whether that objectively unreasonable performance, when considered together with the remainder of the deficiencies

found by the trial court, constituted performance so deficient that defendant otherwise would have been acquitted. See *Rockey*, 237 Mich App 74,76; 601 NW2d 887 (1999); MCR 6.508(D)(3)(b)(i).

MRE 609 provides, in pertinent part:

(a) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless . . .

* * *

(2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year . . . , and

(B) the court determined that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

(b) For purposes of the probative value determination required by subrule (a)(2)(B), the court shall consider only the age of the conviction and the degree to which a conviction of the crime is indicative of veracity. If a determination of prejudicial effect is required, the court shall consider only the conviction's similarity to the charged offense and the possible effects on the decisional process if admitting the evidence causes the defendant to elect not to testify. The court must articulate, on the record, the analysis of each factor.

In this case, on direct examination, defense counsel opened the door by asking defendant if he had previously been convicted of any felonies. Accordingly, on cross-examination, the prosecution was able to question defendant about the specifics of his prior felony convictions, and defendant admitted to five prior armed robbery convictions. As the trial court impliedly acknowledged, rather than engaging in that line of questioning on direct examination, the defense had an incentive to stipulate that defendant had previously been convicted of "a felony" in order to avoid having any particular felonious conduct spelled out for the jury for purposes of proving the felon-in-possession charge. Had defense counsel so stipulated, any mention of specific convictions could have been avoided.

However, following defendant's admission, defense also missed an opportunity to ask the trial court to "engage in the balancing test to determine whether the probative value of the evidence is outweighed by the prejudicial effect of admitting such evidence" as set forth in MRE 609(a)(2)(B). Given only the indirect bearing that a theft crime has on a person's truthfulness, and the obviously aggressive nature of the conduct constituting armed robbery, it is probable that the trial court would have confined the prosecution's use of defendant's criminal history. Allowing the jury to learn that defendant had previously been convicted of armed robbery five times substantially increased the risk of unfair prejudice to defendant, particularly where

-6-

defendant was presently charged with armed robbery. Accordingly, we conclude that defense counsel's performance fell below an objective standard of reasonableness in that regard.

The question then becomes whether defendant would reasonably likely have been acquitted but for defense counsel's errors. MCR 6.508(D)(3)(b)(*i*). In addition to finding fault with defense counsel's handling of the MRE 609 issue, the trial court concluded that counsel erred in failing to investigate or call potential alibi witnesses, or to present two named experts in support of the defense of physical impossibility. We conclude that these findings are clearly erroneous.

"[D]ecisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy, and we will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013). Failing to call a witness only rises to the level of ineffective assistance of counsel if it deprives a defendant of a substantial defense. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). " 'A substantial defense is one that might have made a difference in the outcome of trial.' " *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted). " '[F]ailure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome.' " *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (citation omitted).

Concerning alibi witnesses, defense counsel testified at the *Ginther* hearing, and stated in his affidavit, that he had received no workable information concerning two of the witnesses identified by defendant. Accordingly, defense counsel was unable to contact them. Additionally, defense counsel interviewed a third potential alibi witness, but found that her testimony "would not have been credible," and in fact, given the opportunity to testify, she may have perjured herself. Therefore, we again conclude that defense counsel's failure to call alibi witnesses was not objectively unreasonable, and therefore, appellate counsel was not ineffective for failing to raise the claim on direct appeal. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Concerning medical experts and the defense of physical impossibility, we again conclude that defense counsel had sound strategic reasons not to call defendant's physicians to testify at trial. Defense counsel testified at the *Ginther* hearing that defendant's alibi was that he was not at Lemon's house on the day of the crime. Therefore, testimony regarding defendant's physical limitations was irrelevant. Regardless, defendant himself testified that he had an injury. Accordingly, defense counsel's strategy was to focus on defendant's claim that he was not at Lemon's house on the date in question. Defendant was not left without a substantial defense. Again, this Court cannot second-guess a reasonable trial strategy with the benefit of hindsight. *Dunigan*, 299 Mich App at 589-590. "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

Finally, we note that the prosecution had a strong case, particularly in light of Lemon's "unwavering testimony that defendant, a person he knew and who had visited his house in the past, committed the offenses." Accordingly, even when considering defense counsel's

ineffective assistance regarding defendant's prior convictions, defendant fails to establish the reasonable likelihood that but for defense counsel's deficiency, he would have been acquitted. MCR 6.508(D)(3)(b)(i). Therefore, it was an abuse of the trial court's discretion to grant defendant's motion for relief from judgment.

Reversed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan