*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 16, 2022

Plaintiff-Appellee,

v                                                                                    No. 354250
                                                                                     Ionia Circuit Court
STEVEN BRADLEY MACKENZIE,                                                            LC No. 2013-015962-FC

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

Defendant, Steven MacKenzie, was convicted by a jury of attempted murder, MCL 750.91, and aggravated domestic violence, MCL 750.81a(2). The charges stemmed from his attack on his wife when the couple was in the midst of divorce proceedings. The trial court sentenced defendant to 11 to 40 years' imprisonment for attempted murder and 351 days in jail for aggravated domestic violence. Defendant unsuccessfully appealed his convictions to this Court, but the Supreme Court subsequently remanded the case for a hearing on ineffective assistance of counsel under *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). After the *Ginther* hearing, the trial court denied relief to defendant, we affirmed, and the Supreme Court denied leave to appeal. Defendant then filed a motion in the trial court for relief from judgment under MCR 6.500 *et seq*. The trial court denied that motion, and defendant filed this appeal. Because we conclude that the trial court acted properly in denying defendant relief from judgment under MCR 6.500 *et seq.*, we affirm.

## I. FACTUAL BACKGROUND

Defendant's convictions arise from an incident that occurred on the night of November 5, 2013. As we explained on direct appeal, defendant "and the victim were going through a divorce." *People v MacKenzie*, unpublished per curiam opinion of the Court of Appeals, issued April 26, 2016 (Docket No. 324893), p 1. "The victim was staying at the couple's cottage in Clarksville while defendant was living in their marital home in Lansing." *Id.* "At a hearing, the divorce court determined that the victim could remain in the Lansing home during the pendency of the divorce proceedings and that defendant had seven to ten days to vacate the Lansing home." *Id.* "The night of that hearing, the victim awoke to defendant in the bedroom in which she was sleeping at the

cottage." *Id.* "Defendant pinned the victim to the bed and began to repeatedly twist her head in what she believed to be an attempt to break her neck." *Id.* "Defendant told the victim that they were going to die there and that he could not understand how the victim could say the things about defendant that she said at the divorce hearing." *Id.* "Eventually, the victim was able to escape and call the police." *Id.* In the wake of that incident, the charges of attempted murder and aggravated domestic violence were filed against defendant.

Defendant negotiated a favorable plea offer under *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982), and defendant entered a nolo contendere plea to a charge of assault with intent to do great bodily harm less than murder. But when that agreement fell apart during the sentencing hearing, defendant chose to proceed to trial on the original charges. A jury convicted defendant on the charges of attempted murder and aggravated domestic violence, and the trial court sentenced defendant to serve 11 to 40 years' imprisonment for attempted murder and 351 days in jail for domestic violence. On appeal, we affirmed both of the convictions and sentences. See *People v MacKenzie*, unpublished opinion of the Court of Appeals, issued April 26, 2016 (Docket No. 324893). But the Supreme Court remanded the case so that the trial court could conduct a *Ginther* hearing on defendant's claim of ineffective assistance of counsel. *People v MacKenzie*, 500 Mich 889; 886 NW2d 709 (2016). On remand, the trial court refused to grant relief to defendant, and we affirmed the trial court's ruling. See *People v MacKenzie*, unpublished per curiam opinion of the Court of Appeals, issued July 18, 2017 (Docket No. 324893). The Supreme Court thereafter denied defendant's application for leave to appeal, *People v MacKenzie*, 501 Mich 1037; 908 NW2d 905 (2018), thereby ending the direct appeal of defendant's convictions.

Undaunted, defendant filed a motion for relief from judgment in the trial court setting forth a passel of recycled claims that he had unsuccessfully tried to present to the Supreme Court on his own behalf on direct appeal. The trial court waded through all 13 of those claims and denied relief in a seven-page written opinion issued on November 14, 2019. Defendant responded by filing a delayed application for leave to appeal, which we granted in part on November 13, 2020. As we explained in our order, defendant may proceed with an appeal "limited to the issues concerning instructional error and restitution." *People v MacKenzie*, unpublished order of the Court of Appeals, entered November 13, 2020 (Docket No. 354250). Because the matter of restitution has since been resolved to the satisfaction of defendant, only the issue of instructional error remains for our consideration. That one remaining issue is our only responsibility in the wake of defendant's unsuccessful attempt to persuade the Supreme Court to resurrect other issues that we refused to authorize for further review on appeal when we issued our order on November 13, 2020. See *People v MacKenzie*, ___ Mich ___; 969 NW2d 17 (2022).

## II. LEGAL ANALYSIS

Both sides agree that the jury instruction on the charge of attempted murder was defective, but the parties strongly disagree about the implication of that defect. As an initial matter, the trial court afforded both sides the opportunity to object to the final set of jury instructions by stating: "Counsel, I'd like the record to reflect that we did meet to go over the final jury instructions and the verdict form. Is there anything else you would like to make a note of here today?" Defendant's attorney responded: "No, I think we're fine, your Honor." The prosecution regards that response as a waiver of objections to the jury instructions, whereas defendant characterizes the response as a mere forfeiture of challenges to the defective jury instruction. See *People v Carter*, 462 Mich

206, 215; 612 NW2d 144 (2000) (comparing waiver and forfeiture). Beyond that, the prosecution notes that defendant's appeal presents a challenge to a ruling on a motion for relief from judgment under MCR 6.500 *et seq.*, which requires defendant to show "good cause for failure to raise [the issue of instructional error] on appeal . . .and actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(3)(a) & (b). Moreover, our review of the trial court's ruling on a motion for relief from judgment is limited to a search for abuse of discretion. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id.* With these principles in mind, we shall begin our analysis by describing the instructional error, and then we shall determine the consequences, if any, that flow from that error.

In defining the elements of the crime of attempted murder, the trial court instructed the jury that the prosecution had to prove beyond a reasonable doubt, *inter alia*, that defendant "intended to commit murder which is defined as a) the defendant intended to kill Connie MacKenzie *or he knowingly created a very high risk of death or great bodily harm knowing that death or such harm would likely be the result of his actions* and b) that the defendant intended to cause the death of Connie MacKenzie or to have Connie MacKenzie die as a result of injuries caused by" defendant. (Emphasis added.) Pursuant to MCL 750.91, the crime of attempted murder requires an "attempt to commit the crime of murder by poisoning, drowning, or strangling another person, or by any means not constituting the crime of assault with intent to murder[.]" Thus, by virtue of the language of MCL 750.91, the offenses of attempted murder and assault with intent to murder "are mutually exclusive crimes." *People v Long*, 246 Mich App 582, 589: 633 NW2d 843 (2001). By failing to exclude assault with intent to murder from the types of conduct that could constitute attempted murder, the trial court's instruction to the jury failed to distinguish between two mutually exclusive crimes in derogation of the limiting language of MCL 750.91. Both sides agree on that point. But the prosecution insists that defendant waived all challenges to the trial court's jury instructions and failed to satisfy the stringent requirements for relief under MCR 6.500 *et seq*. We agree.

The Supreme Court, when facing a challenge on direct appeal to a jury instruction, has held "that the defendant waived any objection to a jury instruction because his counsel affirmatively approved the instruction." *Carter*, 462 Mich at 216. As the Supreme Court put it: "This approval extinguishes any error." *Id.* We have concluded that, "[w]hen the trial court asks whether a party has any objections to the jury instructions and the party responds negatively, it is an affirmative approval of the trial court's instructions." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019). Similarly, the Supreme Court has held that a defendant's assent to the jury instructions constitutes a waiver, rather than a mere forfeiture, of challenges to the jury instructions on appeal. *People v Kowalski*, 489 Mich 488, 503-505; 803 NW2d 200 (2011). In this case, when the trial court explained that "we did meet to go over the final jury instructions" and asked counsel for both sides whether there was "anything else you would like to make a note of today[,]" counsel for defendant responded: "No, I think we're fine, your Honor." Under Supreme Court precedent and holdings in our own decisions, that response must be characterized as a waiver of challenges to the jury instructions. Thus, defendant could not even challenge the jury instructions on direct appeal, much less on collateral review under MCR 6.500, *et seq.*

The procedural hurdles applicable to motions for relief from judgment under MCR 6.500, *et seq.*, are much more formidable than those imposed on direct appeal. First, defendant must

show "good cause for failure" to raise the grounds for relief on direct appeal. Here, defendant contends that ineffective assistance of counsel prevented him from raising the instructional error on direct appeal. To establish ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d136 (2012). Defendant's appellate counsel pursued relief on direct appeal all the way to the Supreme Court and obtained a remand order for a *Ginther* hearing on ineffective assistance of counsel. See *MacKenzie*, 500 Mich 889. That hearing was the perfect opportunity to raise the constitutional inadequacy of trial counsel in failing to challenge the jury instruction on attempted murder, but the *Ginther* hearing included no discussion of trial counsel's failure to object to any jury instruction. Why not? Defendant's current attorney insists that defendant's appellate attorney rendered ineffective assistance of counsel when asserting a claim for ineffective assistance of counsel against defendant's trial attorney, that there was also ineffective assistance of counsel at the *Ginther* hearing, and that "good cause" for failing to raise those arguments on direct appeal was . . .ineffective assistance of counsel. In other words, defendant was thrice the victim of ineffective assistance of counsel before his direct appeal ended: once at trial; again at the *Ginther* hearing; and again throughout the process of direct appeal.

For two reasons, we reject defendant's all-purpose use of ineffective assistance of counsel to enable review of the instructional error on collateral review. First, defendant has not developed a record that offers any explanation of trial counsel's acceptance of the jury instructions, so we are in no position to determine whether trial counsel's assent to the proposed jury instructions should be regarded as an appropriate strategic decision. "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived that issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). Because "[f]ailing to request a particular jury instruction can be a matter of trial strategy[,]" *People v Dunigan*, 299 Mich App 579, 584; 748 NW2d 899 (2013), and " 'defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy,' " *Davis*, 250 Mich App at 368 (citation omitted) defendant's failure to develop a record regarding his trial attorney's reason for assenting to the jury instructions precludes a determination on collateral review that his trial counsel rendered ineffective assistance. *Id.* Second, defendant has not carried his burden of establishing that his appellate counsel rendered ineffective assistance by failing to challenge on direct appeal either the instructional error itself or the constitutional ineffectiveness of trial counsel in assenting to the defective jury instruction. We must start from "the presumption that [defendant's] appellate counsel's decision constituted sound strategy[,]" *People v Uphaus*, 278 Mich App 174, 186; 748 NW2d 899 (2008), and recognize that an appellate attorney "may legitimately winnow out weaker arguments in order to focus on those arguments that are more likely to prevail." *Id.* at 187. In this case, defendant has offered nothing to overcome the governing presumption. As we have noted, "to permit proper review in cases where appellate counsel has pursued an appeal as of right and raised nonfrivolous claims, the defendant must make a testimonial record in the trial court in connection with a claim of ineffective assistance of appellate counsel." *People v Reed*, 198 Mich App 639, 647; 499NW2d 441 (1993). Defendant has done no such thing in this case, so he has not established "good cause" under MCR 6.508(D)(3)(a) for failing to raise the instructional error on direct appeal.

Under MCR 6.508(D)(3), "[t]he court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the

-4-

crime." Therefore, defendant's failure to establish good cause is not necessarily fatal to his request for relief from judgment under MCR 6.500 *et seq*. But the trial record provides no support for the argument "that the defendant is innocent of the crime" of attempted murder. Indeed, the record of the trial contains strong evidence that defendant tried to kill his estranged wife by strangling her, which is an act that falls within the heartland of the crime of attempted murder. See MCL 750.91 (proscribing "attempt to commit the crime of murder by . . .strangling another person"). Indeed, as we explained in our first unpublished opinion on direct appeal, defendant told a police officer on the night of incident "that he had placed his hands on the victim's throat and choked her." Thus, we conclude that defendant's failure to show good cause for failing to raise the instructional error on direct appeal bars his effort to assert the claim on collateral review under MCR 6.500 *et seq*. See MCR 6.508(D)(3)(a).

Beyond defendant's inability to establish "good cause," we conclude that his effort to raise the instructional error on collateral review under MCR 6.500 *et seq.*, is foreclosed by defendant's inability to demonstrate "actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(3)(b). To establish "actual prejudice," defendant must show that, "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal[.]" MCR 6.508(D)(3)(b)(i)(A). As we have already explained, the trial record contains strong evidence that defendant tried to kill his estranged wife by strangling her. Accordingly, had the jury been properly instructed on the crime of attempted murder, the jury almost certainly would have returned a guilty verdict against defendant on that charge. Consequently, defendant has failed to establish "actual prejudice," as required by MCR 6.508(D)(3)(B) to proceed with his claim for relief from judgment predicated upon instructional error.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael J. Kelly
/s/ Christopher P. Yates