*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN MILTON BELL,

Defendant-Appellant.

UNPUBLISHED
September 19, 2019

No. 345407
Wayne Circuit Court
LC No. 15-002171-01-FC

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

Defendant, Justin Milton Bell, was convicted by a jury of armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. In an earlier appeal, this Court affirmed defendant's convictions, but remanded to the trial court for a *Crosby*[1] hearing to determine if a materially different sentence would have been imposed but for the formerly mandatory nature of the sentencing guidelines that was held unconstitutional in *People v Lockridge*, 498 Mich 358; 870 NW2d 802 (2015). *People v Bell*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2017 (Docket No. 328710), pp 9-11. On remand, the trial court resentenced defendant to 15 to 40 years' imprisonment for the armed robbery conviction and a consecutive two-year term of imprisonment for the felony-firearm conviction. Finding no error in defendant's new sentence, we affirm.

## I. BACKGROUND

The facts underlying defendant's convictions are detailed in this Court's previous opinion, *id*. at 1-3, and it will suffice to say that defendant's convictions stem from the armed robbery of Kenneth Height at around 9:00 p.m. on January 24, 2015. Height testified that a man came out of an alley, pointed a shotgun at his back, and said, "[G]ive me all yo' stuff and I'm not gon' kill you." The robber instructed Height to go into the nearby alley, ordered Height to the

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

ground, and took Height's possessions. After defendant was arrested weeks later in connection with a similar robbery, he gave a statement admitting his role in this matter.

## II. OFFENSE VARIABLE 10

On appeal, defendant argues that the trial court erred in assessing 15 points for Offense Variable (OV) 10. Our review of defendant's OV challenge is governed by the following standards:

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).]

OV 10 addresses "exploitation of a vulnerable victim." MCL 777.40(1). Fifteen points should be assessed for OV 10 if "[p]redatory conduct was involved." MCL 777.40(1)(a). MCL 777.40(3)(a) defines predatory conduct as "preoffense conduct directed at a victim . . . for the primary purpose of victimization." Our Supreme Court has previously explained that " '[p]redatory conduct' under the statute is behavior that precedes the offense, directed at a person for the primary purpose of causing that person to suffer from an injurious action or to be deceived." *People v Cannon*, 481 Mich 152, 161; 749 NW2d 257 (2008). Lying in wait, armed and hidden from view, is commonly understood as predatory conduct because it is an act undertaken to place the perpetrator in a better position to successfully complete his or her criminal mission. *People v Huston*, 489 Mich 451, 462-463; 802 NW2d 261 (2011).

The trial court assessed 15 points for OV 10 based upon its conclusion that defendant exploited a vulnerable victim and engaged in predatory conduct. Although the trial court neglected to explain the basis for this conclusion, we agree that it is supported by a preponderance of the record evidence. Height testified that defendant came out of an alley, pointed a gun at him, and directed him back to the alley because they were on the street and people were sitting on their porches. Rather than robbing others who were already in the area, it seems that defendant intentionally selected Height, a lone passerby, as his victim. Further, defendant's self-reported residence before his incarceration was less than a mile from the crime scene, suggesting that he was familiar with the area and could have chosen the location because it had a secluded area from which he could ambush an unsuspecting victim. Given defendant's approach from the alley, armed with a sawed-off shotgun, we infer that defendant was engaging in predatory conduct by lying in wait for a lone victim after dark who would be easier to rob successfully. *Id*. See also *People v Ackah-Essien*, 311 Mich App 13, 37; 874 NW2d 172 (2015) ("The timing and location of an offense—waiting until a victim is alone and isolated—is evidence of predatory conduct."). Accordingly, the trial court did not err by assessing 15 points for OV 10.

## III. VARIABLE SCORING

In his Standard 4 brief, defendant argues that he should be resentenced because additional variables were erroneously scored and required improper judicial fact-finding. More specifically, defendant asserts that Prior Record Variable (PRV) 1, PRV 5, OV 10, and OV 13 were erroneously scored. To preserve a scoring challenge, the defendant must raise the issue at sentencing, in a motion for resentencing, or in a motion to remand filed with this Court. *People v McChester*, 310 Mich App 354, 357; 873 NW2d 646 (2015). Defendant's attorney objected to the scoring of OV 10 at resentencing, thereby preserving that issue for appellate review. However, defendant's claims regarding PRV 1, PRV 5, and OV 13 are unpreserved. When a scoring challenge is unpreserved, our review is limited to the plain-error standard. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

Defendant first contends that the trial court erroneously assessed 25 points for PRV 1. PRV 1 addresses "prior high severity felony convictions." MCL 777.51(1). MCL 777.51(1)(c) directs the trial court to assess 25 for PRV 1 if "[t]he offender has 1 prior high severity felony conviction." Defendant claims that he has no prior felonies because his earlier second-degree home invasion case was dismissed on January 25, 2013. We disagree. Defendant's case was dismissed under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq*. Although the HYTA provides that "[a]n assignment of an individual to the status of youthful trainee . . . is not a conviction for a crime," MCL 762.14(2), the sentencing guidelines specifically define a "conviction" as including assignment to youthful trainee status under HYTA for purposes of scoring PRVs. MCL 777.50(4)(a)(*i*). Thus, the trial court properly assessed 25 points for PRV 1.

Defendant next contends that the trial court erroneously assessed two points for PRV 5. PRV 5 addresses "prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1). Two points are assessed under PRV 5 if "[t]he offender has 1 prior misdemeanor conviction or prior misdemeanor juvenile adjudication." MCL 777.55(1)(e). Defendant claims that the trial court's assessment of two points for PRV 5 violated the 10-year gap rule in MCL 777.50 because he was sentenced for possession of marijuana on June 20, 2006, which was more than 10 years from his resentencing on March 22, 2018. We disagree. MCL 777.50(1) provides, "In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the *discharge date* from a conviction or juvenile adjudication and *the defendant's commission of the next offense* resulting in a conviction or juvenile adjudication." (Emphasis added.) Given the statute's plain language, defendant's argument focuses on the wrong dates. Defendant was discharged from his possession of marijuana adjudication on February 13, 2007, and his next offense resulting in a juvenile adjudication—unarmed robbery—occurred less than 10 years later, on March 29, 2010. Therefore, defendant was properly assessed two points for PRV 5.

Defendant also contends that the trial court erroneously assessed 25 points for OV 13. OV 13 addresses a "continuing pattern of criminal behavior." MCL 777.43(1). Twenty-five points are assessed under OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). Defendant contends that he should not have been assessed 25 points because he was sentenced to probation for second-degree home invasion on November 8, 2011, and the case was dismissed under HYTA

-3-

more than five years before his resentencing. We disagree. Under MCL 777.43(2)(a), "all crimes within a 5-year period, including the sentencing offense," are considered in scoring OV 13. Defendant's second-degree home invasion occurred on September 18, 2011, and he committed the armed robbery at issue in this case on January 24, 2015. It is irrelevant that the home invasion proceeding was dismissed under HYTA because OV 13 considers "felonious criminal activity" involving crimes against a person, "regardless of whether the offense resulted in a conviction." MCL 777.43(1)(c) and (2)(a). Thus, the trial court did not err by assessing 25 points for OV 13 because defendant committed three crimes against a person in a five-year period: armed robbery (the sentencing offense) on January 24, 2015; second-degree home invasion (dismissed under HYTA) on September 18, 2011; and unarmed robbery (resulting in a juvenile adjudication[2]) on March 29, 2010.

Additionally, defendant argues that he is entitled to another *Crosby* remand because the trial court relied on judicial fact-finding to score the sentencing guidelines. Notably, defendant makes no claim that the facts used to calculate his variables were inaccurate. Defendant's argument rests on a misunderstanding of the constitutional infirmity addressed in *Lockridge*. Contrary to defendant's contention,

> [t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range. *Lockridge* remedied this constitutional violation by making the guidelines *advisory*, not by eliminating judicial fact-finding. . . .
>
> *  *  *
>
> That judicial fact-finding remains part of the process of calculating the guidelines is evidenced by the *Lockridge* Court's observation that its "holding today does nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, *whether using judge-found facts or not*." [*Lockridge*, 498 Mich] at 392 n 28 (second emphasis added). This quote from *Lockridge* is consistent and reconcilable with the full *Lockridge* opinion; judicial fact-finding is proper, as long as the guidelines are advisory only. [*People v Biddles*, 316 Mich App 148, 158-159; 896 NW2d 461 (2016).]

---

[2] "A juvenile adjudication clearly constitutes criminal activity [for purposes of scoring OV 13] because 'it amounts to a violation of a criminal statute, even though that violation is not resolved in a 'criminal proceeding.' " *People v Harverson*, 291 Mich App 171, 180; 804 NW2d 757 (2010), quoting *People v Luckett*, 485 Mich 1076, 1076-1077; 777 NW2d 163 (2010) (YOUNG, J., concurring).

Accordingly, the trial court did not err by engaging in judicial fact-finding. Moreover, because we find no error in the trial court's scoring of the sentencing guidelines, defendant is not entitled to resentencing.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his Standard 4 brief, defendant argues that his former appellate counsel[3] was ineffective at the resentencing hearing for failing to challenge the trial court's scoring of OV 1 and OV 8, as well as the additional variables discussed in Part III of this opinion. "[T]o permit proper review in cases where appellate counsel has pursued an appeal as of right and raised nonfrivolous claims, the defendant must make a testimonial record in the trial court in connection with a claim of ineffective assistance of appellate counsel." *People v Reed*, 198 Mich App 639, 647; 499 NW2d 441 (1993), aff'd 449 Mich 375 (1995). Because no testimonial record has been made with respect to this issue, "our review is limited to errors apparent on the record." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).

In considering a claim that appellate counsel was ineffective, we apply the same test as that for trial counsel. *People v Pratt*, 254 Mich App 425, 430; 656 NW2d 866 (2002). Thus, the defendant must show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). "[U]nder the deferential standard of review, appellate counsel's decision to winnow out weaker arguments and focus on those more likely to prevail is not evidence of ineffective assistance." *People v Reed*, 449 Mich 375, 391; 535 NW2d 496 (1995).

First, appellate counsel was not ineffective for failing to argue the variables addressed in Part III of this opinion. For the reasons explained earlier, the variables were properly assessed. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Because the trial court properly assessed the variables, any argument challenging their assessment would have been meritless. As a result, defense counsel did not perform deficiently by failing to argue the scoring issues raised by defendant in his Standard 4 brief.

Second, defense counsel was not ineffective for failing to present an oral argument concerning OV 1 and OV 8. At resentencing, the trial court acknowledged that OVs 1, 8, and 10 had been addressed by this Court in its discussion of the *Lockridge* error raised in defendant's

---

[3] We note that defendant was represented by a different attorney in his first appeal. Given the nature of his claim of error, we infer that his arguments concern his original appellate counsel, who also represented defendant at resentencing, rather than the attorney representing him for purposes of the instant appeal. Our use of the term "appellate counsel" herein refers to the attorney who represented defendant in his first appeal.

first appeal. See *Bell*, unpub op at 10 (concluding that trial court's scoring required judicial fact-finding). When the trial court asked appellate counsel if he wanted to address OV 1 and OV 8, counsel responded, "You know, without jeopardizing my client, I would just object, on the record, and not make a statement." However, defendant admits that appellate counsel addressed these OVs in a supplemental brief, even if he did not do so in court. Defendant must overcome a strong presumption that counsel's decisions were borne from sound strategic judgment, *People v Petri*, 279 Mich App 407, 411; 760 NW2d 882 (2008), and counsel's decision to focus on the strongest argument will not generally be considered objectively unreasonable, *Reed*, 449 Mich at 391. In light of defendant's concession that appellate counsel did, in fact, challenge the scoring of OVs 1, 8, and 10 in his supplemental briefing, defendant cannot demonstrate that appellate counsel's decision to focus his oral argument on OV 10 amounted to deficient performance.

Moreover, defendant has not demonstrated a reasonable probability that, but for appellate counsel's alleged error, the result of the resentencing proceeding would have been different. OV 1 and OV 8 were both assessed 15 points. OV 1 addresses "aggravated use of a weapon." MCL 777.31(1). Fifteen points are assessed under OV 1 if "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." MCL 777.31(1)(c). Because Height testified that the perpetrator aimed a gun at him and a jury determined that defendant committed the armed robbery, the trial court did not err by assessing 15 points for OV 1.

OV 8 addresses "victim asportation or captivity." MCL 777.38(1). The trial court should assess 15 points under OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). The trial court correctly assessed 15 points because defendant made Height move into the nearby secluded alley, out of sight of witnesses on the street, which constitutes asportation to another place or situation of greater danger. See *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014) ("A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others."). Accordingly, defendant cannot demonstrate that he was prejudiced by appellate counsel's decision to limit his oral argument to the proper scoring of OV 10.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica